JAMES B. DINGLEY and another *v.* JOHN BUFFUM.

In trespass for breaking and entering the plaintiff's close and carrying away therefrom certain personal property, the unlawful breaking and entering constitute the gist of the action, and must be proved in order to maintain it.

When a party exceeds an authority given him in fact, as distinguished from an authority conferred upon him by law, he is only liable for the excess.

ON REPORT.

TRESPASS *quare clausum fregit.*

KENT, J.    This is an action *quare clausum,* for breaking and entering the close of the plaintiffs, and tearing down and carrying away certain doors and fixtures in the store thus entered.    All the

counts in the writ are similar in this respect, all being "*quare clausum.*" The gist of each is the breaking and entering; all the other allegations are simply laid as aggravations of the trespass. It is, therefore, incumbent on the plaintiffs to prove such unlawful entry.

The defendant contends that he had not surrendered the possession at the time of the alleged trespass, and, therefore, this action cannot be maintained against him. The plaintiffs contend that the possession had been surrendered, but they admit and show, by their own evidence, that after the key had been delivered to them, they voluntarily delivered it again to the defendant, for him to enter and " get out something, and he did not return it until he had torn the inside out."

The entry, then, was by permission, on the plaintiffs' own showing.

But it is contended, that if it was so, yet that the conduct and acts of the defendant in taking down and removing the fixtures was such an abuse of the license as made him a trespasser *ab initio*.

In the old case of "the Six Carpenters," so familiar to the lawyer, it was ruled, that if a man abuse an authority given him by the law, he becomes a trespasser *ab initio*. *Contra*, of an authority given by the party. 8 Coke, 46 a. 1 Smith's Leading Cases, 188, and notes. This has been the doctrine of the common law ever since that case was decided, although the justice and wisdom of the distinction has been sometimes questioned. There are many cases in which it has been reaffirmed. In the late case of *Jewell* v. *Mahood*, 44 N. H. 474, Mr. Justice Sargent states the rule in a very clear and condensed form. He says, "The defendant entered under an express authority ; an authority in fact, and not one conferred or implied by law. It is well settled, that where a man abuses an authority in law, by committing acts which are in themselves trespasses, not authorized by the authority, the party is a trespasser *ab initio* ; but that when there is an authority in fact, and a party exceeds that authority, he is only liable for the excess. In this case, the gist of the action is the breaking and entering, the other circumstances are only stated as affecting the damages. But the defendant is not liable for breaking and entering, because he

had the right to enter, and in this form of action, if the breaking and entering is not made out, the action fails. If the plaintiff would recover damages for any of the acts done after entry, he must bring case or trespass in some other form, and not trespass *quare clausum fregit.*"

This decision is fortified by the citation of many authorities. But it is needless to repeat them here, or to cite other cases which have been examined.

The action on the facts before us cannot be sustained.

*Judgment for defendant.*

APPLETON, C. J.; WALTON, BARROWS, and TAPLEY, JJ., concurred.

*N. M. Whitmore,* 2d, for the plaintiffs.

*L. Clay,* for the defendant.