CITIZENS' NATIONAL BANK *vs.* JONATHAN OLDHAM.

Suffolk.    March 12. — Sept. 7, 1886.    W. ALLEN & HOLMES, JJ., absent.

In an action of replevin by a mortgagee against an officer, who attached the property on a writ against the mortgagor, the issue was whether the mortgaged property had been delivered to and retained by the mortgagee before the attachment. The judge, who tried the case without a jury, ordered that judgment for a return of the replevied property be entered for the defendant, and allowed a bill of exceptions, which stated that the mortgagor was a sub-contractor under B., and used the replevied property in his business; that after a breach of the conditions of the mortgage, and before the attachment, C., as the agent of B., and as the agent of the plaintiff to take possession of the property for the breach of said conditions, with the assent of the mortgagor assumed control of the business, the mortgagor remaining to assist him, and the property continued to be used as before, but under C.'s control. The exceptions further stated that the judge found that, when the property was attached, the mortgagor was in actual possession and use of the property subject to the control of C. *Held,* that, in the absence of a finding that the property was "delivered to and retained by" the mortgagee, as required by the Gen. Sts. c. 151, § 1, the court could not say, as matter of law, that the judgment was erroneous.

REPLEVIN of six United States mail wagons. Writ dated October 27, 1881. After the former decision, reported 136 Mass. 515, the defendant, on March 5, 1884, remitted all but nominal damages, and thereupon, on March 10, 1884, moved, in the Superior Court, for judgment for a return of the replevied property.

Hearing upon this motion, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The defendant is a deputy sheriff, and seized and held the wagons as the property of Hiram Littlefield, by attachment under a writ dated October 10, 1881, against Littlefield. The plaintiff claims under a mortgage, made to it by Littlefield on June 29, 1881, which was recorded on June 30, 1881, at Boston, the place of business of the mortgagor, and was not recorded at Salisbury, Massachusetts, the place of his residence.

Littlefield was a sub-contractor under one Boone, to carry on the United States mail service in Boston. Boone was the contractor with the United States government for that service. The replevied property consisted of six of the mail wagons of the style necessarily used in that service by the contract; and it was essential, in order to avoid a breach of the contract, to keep these wagons in constant use in the mail service, and they were so used.

A breach of the conditions of the plaintiff's mortgage had existed since about September 1, 1881. On September 23, 1881, one Castleman, the duly authorized agent of Boone, came to Boston to take from Littlefield the possession, control, and management of the mail service on account of Littlefield's failure to perform it properly under the sub-contract; and also, as the duly authorized agent of the plaintiff, to take possession of the wagons, for breach of the conditions of its said mortgage. On October 1, 1881, Castleman, acting under his authority from the plaintiff and Boone, and by express understanding and consent of Littlefield, assumed the management and control of the mail service under said contract, and continued it until after the attachment, Littlefield remaining, by request of Castleman, to assist him; and these wagons continued to be used as before in said service, but under Castleman's control.

Immediately after the attachment, the plaintiff had no counsel in Boston except R. Lund, Esq., counsel of Littlefield and Boone. Lund testified that he thought he drew up, within a day or two after the attachment, a form of notice of such mortgage, with a power of attorney, as was required by the statute, and delivered the same to Boone, but he could not remember what became of it; and the defendant testified respecting such notice and

demand, as set out in 136 Mass. 515. It was also in evidence, and not disputed, that the firm of Jewell and Shepard, consisting of Harvey Jewell, Esq., and E. O. Shepard, Esq., was first employed by the plaintiff on October 27, 1881, and that Mr. Jewell alone acted for it at first, and was informed that, between October 10 and that date, the mortgagee's notice and demand, as required by the statute, had been given to the defendant; that Mr. Jewell died in December, 1881, and thereafter Mr. Shepard acted in this case for the plaintiff; that he had no information or knowledge that the requisite statutory statement and demand of the plaintiff as mortgagee had not been made to the defendant, and rested under that belief until November, 1882, when, in the course of preparing the case for trial, he for the first time learned that it was doubtful if such statement and demand as the statute requires had been previously given to the defendant; and thereupon he at once procured the plaintiff to give to the defendant the statement in writing, and make the demand upon him as set forth in the finding of the judge in these exceptions. It is not contended that the statement and demand were not made within a reasonable time after such discovery by Mr. Shepard, in November, 1882. The officers of the plaintiff bank were in Washington; were ignorant of the statute laws of Massachusetts respecting such statement and demand; and relied wholly upon their counsel in Boston.

The judge found as follows: Hiram Littlefield was, when said mortgage was made, not a resident of Boston, but of Salisbury. On October 10, 1881, when the defendant attached the replevied property, said Littlefield was in the actual possession and use of the replevied property, subject to the direction and control therein of an agent of the plaintiff, authorized thereto by the plaintiff, for the cause that said Littlefield, in the month of September, 1881, had committed a breach of the condition of said mortgage. On November 16, 1882, the plaintiff gave to the defendant a statement in writing of a just and true account of the debt and demand due to the plaintiff under said mortgage, and at the same time demanded payment of said debt and demand; but said statement was not given to, or payment of the debt demanded of, the defendant within a reasonable time after said attachment. The judge ordered that judgment for a return of

the replevied property be entered for the defendant. The plaintiff alleged exceptions.

*E. O. Shepard*, for the plaintiff.

*S. J. Thomas*, for the defendant.

GARDNER, J. The plaintiff concedes that the mortgage given by Littlefield was not recorded as required by the Gen. Sts. *c.* 151, § 1, which, among other things, provide that "unless a mortgage is so recorded, or the property mortgaged is delivered to and retained by the mortgagee, it shall not be valid against any person other than the parties thereto." In order to show that there was an existing mortgage which would prevail against the defendant, the plaintiff must prove that the property mortgaged was "delivered to and retained by the" plaintiff. The property was within the exclusive possession and control of Littlefield, the mortgagor, until October 1, 1881. At that time, Castleman came to Boston, as the authorized agent of the mortgagee, to take possession of the wagons for breach of the condition of the plaintiff's mortgage; and on October 1, 1881, with the consent of Littlefield, and acting under his authority from the plaintiff, he "assumed the management and control of the mail service under said contract, and continued it until after the attachment." Littlefield remained to assist him, the wagons continued to be used as before in said service, but under Castleman's control. The agent of the plaintiff was also agent of one Boone, who was the contractor with the United States government to carry on the United States mail service in Boston. Littlefield was sub-contractor under Boone, and failed to perform his contract, and Castleman, as the agent of Boone, came to Boston to take from Littlefield the possession, control, and management of the mail service. It was essential, in order to avoid a breach of the contract, to keep these wagons in constant use in the mail service, and they were so used.

The presiding judge found at the trial that Littlefield, at the time of the attachment, was in the actual possession and use of the property, subject to the direction and control therein of an agent of the plaintiff, authorized thereto by the plaintiff.

This case differs from that of *Carpenter* v. *Snelling*, 97 Mass. 452, in one important particular, although in other respects it is similar. In that case, the agent of the mortgagee went to the

house of the mortgagor with a bill of parcels, and the mortgagor pointed out the property enumerated therein, and said that he gave possession of it to the agent in behalf of the mortgagee. In the case at bar, there is no evidence of such a delivery. The evidence is not clear as to what Castleman, the agent, did. He may have done no more than execute direction and control over the mail service, and incidentally over the wagons used in the service, without any delivery of possession to him. The Superior Court may have found that there was no such delivery to, and retention of the mortgaged property by, the agent Castleman as the statute required. This was a question of fact clearly within the determination of that court, and is not subject to our revision. The bill of exceptions does not undertake to report all the evidence, and we cannot say, as matter of law, that the court did not find that there was no delivery of the mortgaged property to the mortgagee's agent, and retention by him of the same. If the court so found, we cannot determine that there was error in such finding. *Exceptions overruled.*