WILLIAM S. THOMAS

*vs.*

WILLIAM H. PARSONS, and IRESON BRIGGS, and another,
TRUSTEES.

GEORGE B. OLIN, and another, CLAIMANTS.

Piscataquis.    Opinion January 26, 1895.

*Sales.   Stat. of Frauds.   R. S., c. 111, § 5.*

A principal who intrusts his goods to an agent for sale and expressly reserves title to them and their proceeds until paid for, may hold the same although attached by trustee process in the hands of the agent's vendee.

Section 5, of the Statute of Frauds (R. S., Chap. 111) requiring a record of written agreements that declare the title to property bargained and delivered to the bargainee shall remain in the bargainor until payment, does not apply to agreements in which the right to purchase is not given.

ON EXCEPTIONS.

This was an action upon a promissory note given by the defendant, William H. Parsons, to the plaintiff. Ireson Briggs and John E. French, were summoned as trustees. The trustees disclosed that they were indebted to the said William H. Parsons for certain Perry Spring-tooth harrows, sold by said Parsons to said trustees. They further disclosed that the firm of G. B. Olin & Co., had notified them that they claimed the proceeds of said sale, in the hands of said trustees.

The principal defendant was defaulted, and the question at issue was between the plaintiff as attaching creditor of the funds in the hands of the trustees, and G. B. Olin & Co., as claimants. The case was submitted to the presiding justice who found, as a matter of fact, that the harrows sold by William H. Parsons to the trustees, were the harrows named in the contract between G. B. Olin & Co., and said Parsons.

The plaintiff contended that by the sale from Parsons to the trustees, the said Olin & Co., lost all claim to the harrows or the proceeds thereof, by the terms of said contract. But the presiding justice ruled that said Olin & Co., had a right to the proceeds of the sale of said harrows, under their said contract, in the hands of the trustees.

The plaintiff also claimed that the contract between Olin & Co., and Parsons, as against him as an attaching creditor, should have been recorded. But the presiding justice ruled that the contract without being recorded was a good contract against an attaching creditor, and that without such a record G. B. Olin & Co., were legally entitled to the proceeds from the sale from Parsons to the trustees.

The plaintiff thereupon took exceptions.

The case is stated in the opinion.

*J. B. Peaks,* for plaintiff.

Parsons was not the agent of Olin & Co., but their vendee. They lost title to the harrows and their proceeds when the sale to Briggs & French was made.

The agreement between Olin & Co., and Parsons was not valid, even between the parties, without being recorded. Stat. 1870, c. 143 ; 1874, c. 181 ; R. S., 1883, c. 111, § 5

*J. and J. W. Crosby*, for claimants.

SITTING:   EMERY,   FOSTER,   WHITEHOUSE,   WISWELL,
STROUT, JJ.

EMERY, J.   G. B. Olin & Co. of Canandaigua, N. Y., admit-
tedly once owned certain harrows, called "Perry Spring-tooth
harrows."   They intrusted these harrows to William H. Parsons
of Foxcroft, Maine, under a written contract in which it was
stipulated that Parsons was to sell these and other harrows
within a certain territory in Piscataquis County as the agent of
Olin & Co. ; and that the title to the harrows was to remain in
Olin & Co., until it passed to purchasers from Parsons ; and that
the proceeds of harrows sold, whether in cash, notes or accounts,
should be the property of Olin & Co.   Parsons sold these har-
rows to Briggs & French partially, at least, upon credit.

The title of Briggs & French to the harrows under this sale is
not questioned.   They acquired title by a purchase from one
authorized by the owners to sell and pass title.   The title to the
proceeds of this sale, however, is questioned.   Whom do Briggs
& French owe for these harrows?   The consideration for their
indebtedness was the harrows.   Their indebtedness is presum-
ably, therefore, to the party from whom the consideration moved,
the owner of the harrows, at the time of their purchase. Olin &
Co., once owned them.   Did the title pass from them to Parsons,
so that Parsons, had the title at the time of the purchase? Title
to personal property passes only when the parties intend it
to pass.   Whatever the language, or conduct of the parties, the
question remains,—did they intend the title to pass?

In this case the plaintiff contends that the indebtedness of
Briggs & French is to Parsons.   The burden then is upon him
to show an intent of the parties that the title in the harrows should
pass from Olin & Co., to Parsons.   The only evidence introduced
is the written contract above mentioned.   That contract, how-
ever, instead of indicating an intention that the title should pass
to Parsons, expressly negatives any such intention.   It is
expressly stipulated in it that the title shall remain in Olin &
Co., and further that the debts due for harrows sold shall be due
to Olin & Co.

The plaintiff, however, invokes R. S., ch. 111, § 5. That statute clearly contemplates a case of delivery with a bargain or agreement to sell to the bailee on the part of the vendor, and a written obligation for the price given by the bailee or vendee. If in the written obligation for the price, there is a stipulation that the property so bargained and delivered shall remain the property of the vendor, until payment of the agreed price, then the writing must be recorded. But these harrows were not "bargained," or agreed to be sold to Parsons. He acquired no right to purchase. The harrows were not delivered to him as vendee. He gave no note as the consideration of a sale to him. The statute does not apply.

Briggs & French do not owe Parsons for these harrows, and cannot be held as his trustees upon trustee process. They were rightfully discharged.

*Exceptions overruled.*