### LYDIA E. BURDICK *vs.* ALBERT O. COATES.

PROVIDENCE—FEBRUARY 11, 1901.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Chattel Mortgages. Record.*

Pub. Laws R. I. cap. 614, of February 28, 1899, provides that no mortgage of personal property thereafter made shall be valid as to any person except the parties until possession of the property be delivered to and

retained by the mortgagee, or the mortgage recorded, which recording or taking and retention of possession shall be made or taken within five days from the date of the signing.

A. gave a mortgage of personal property to B. February 14, 1900, which was recorded May 23, 1900.  B. took possession of the property as mortgagee June 4, 1900.  C. attached the property on the same day as the property of A.:—

*Held*, that the mortgage was invalid as against C., the attaching creditor.

(2)  *Statutes.  Repeal of Inconsistent Acts.*

Where a statute repeals all acts and parts of acts inconsistent therewith, an existing statute inconsistent with the one last enacted is repealed, although it is not expressly named by title.

Replevin.  The facts are fully stated in the opinion.  Heard on petition of plaintiff for a new trial, and new trial denied.

Stiness, C. J.  The agreed facts show that Frank E. Burdick gave a mortgage of personal property to the plaintiff February 14, 1900, which was recorded in Cranston May 23, 1900, and that the plaintiff took possession of the property as mortgagee June 4, 1900.  The defendant attached the property on the same day as the property of Frank E. Burdick, and the plaintiff brought this suit in replevin.  The question is whether the plaintiff has title, under her mortgage, as against an attaching creditor.

Pub. Laws, cap. 614 (1899), provides as follows : "No mortgage of personal property hereafter made shall be valid as to the assignee in insolvency of the mortgagor, or any other person except the parties thereto and their executors and administrators, until possession of the mortgaged property be delivered to and retained by the mortgagee, or the said mortgage be recorded in the records of mortgages of personal property in the town or city where the mortgagor shall reside, if in this state ; and if not in this state, then in the town where the property is at the time of making said mortgage, which said recording or taking and retention of possession as aforesaid shall be made or taken within five days from the date of the signing thereof."

The plaintiff contends that the mortgage was a conditional sale that became absolute upon her taking possession prior to

the attachment, so that at the time of the attachment the mortgaged goods were her property by a completed title. The trouble with the claim is that it ignores the statute, which provides that, as to other persons, the mortgage shall not be valid unless it is recorded as the statute requires.

The argument of the plaintiff is that this interferes with a right of property. It is, however, no more of an interference than the common statutory provision that a deed of real estate shall not be valid except between the parties unless it is recorded. Yet since *Harris* v. *Arnold*, 1 R. I. 125, there has been no question of the validity and effect of such an act. The statute in question was passed in February, 1899, and applied to mortgages thereafter made. The mortgage in question, given in February, 1900, was, therefore, given under its provisions and, presumptively, with knowledge of the statute. In *Wilson* v. *Esten*, 14 R. I. 621, an unrecorded mortgage was held to be valid as against a voluntary assignee, because "where there is no statute to add to the effect of the assignment, a voluntary assignee succeeds simply to the right of the assignor." In that case the statute declared the mortgage to be good between the parties. In *Commercial Bank* v. *Colton*, 17 R. I. 226, the mortgage was recorded prior to the assignment, and there was no provision in the statute as to the time when it should be recorded. The present statute is quite different; and under a similar statute in Massachusetts it was held, in *Drew* v. *Streeter*, 137 Mass. 460, that an attachment made before the mortgage was recorded, even though the record was within the statutory period, took precedence of the mortgage.

An opinion by Judge Brown in the United States District Court for the district of Rhode Island, not yet reported, given on our present statute, is quoted by the defendant as follows : "The finding of the referee that the mortgage of personal property by the bankrupt to Charles H. Carter should not be allowed as security upon the property of the bankrupt, on the ground that the mortgage was not recorded within five days from the date of the signing thereof, is approved and confirmed. The terms of the Rhode Island statute, Pub. Laws

R. I. cap. 614, are clear, and the course of judicial decision and legislation on the subject supports the referee's construction of the statute."

This opinion coincides with our own as to the effect of the statute.

The plaintiff makes the further point that the provision of the statute is unreasonable in point of time.  This is a question affecting the policy of the law with which we have nothing to do.  Such an argument must be addressed to the legislature, and not to the court.

(2)  She also claims that as there is no express repeal of previous statutes, Gen. Laws cap. 207, §§ 4 to 8, inclusive, that her right to the property was not affected.  Section 2 of chapter 614 repealed all acts and parts of acts inconsistent therewith, and that clearly embraced the sections referred to.

Our opinion is that the decision for the defendant was correct.

Judgment will be entered upon the decision for return and restoration and costs.

*Franklin P. Owen*, for plaintiff.
*Frederick A. Jones*, for defendant.