## THE RICHARDSON MANUFACTURING COMPANY

*vs.*

## ALBERT W. BROOKS.

### Kennebec.    Opinion March 6, 1901.

*Sales.    Consignment.    Record.    Assignment.    Stat. 1895, c. 32.*

Chapter 32 laws 1895, relative to record of contracts for sale, does not apply to consignments of goods for sale when no title to the goods passes to the consignee.

Kelley & Eastman, the consignees, sold to Kelley & Hanley, on credit, from the consigned articles to amount of $205.25.    Before payment, Kelley & Eastman made an assignment to the defendant for the benefit of their creditors.    Plaintiff claimed payment of Kelley & Hanley, who subsequently paid the amount to defendant, who knew of plaintiff's claim.

In an action to recover that sum and also forty-six dollars received by defendant as proceeds of other consigned goods of plaintiff, sold by Kelley & Eastman on credit, *held;* that Kelley & Eastman had no title to the consigned goods, and defendant took none as their assignee; and that the goods, and the purchase price for them until paid to the consignees, were the property of the plaintiff.

Agreed statement.    Judgment for plaintiff.

Action for money had and received.    The case appears in the opinion.

*A. M. Spear*, for plaintiff.

Money had and received:    *Keene* v. *Savage*, 75 Maine, 138.

Title of assignee:    *Rogers* v. *Whitehouse*, 71 Maine, 222.

*Thos. Leigh,* for defendant.

Counsel argued: That the amounts the plaintiff claims to recover in this action, were not, at the time they were paid to A. W. Brooks, the property of the plaintiff, but only a part and parcel of the estate of Kelley & Eastman; that the plaintiff is entitled to receive from said Brooks the same dividend he has paid all the creditors; that the plaintiff is not a preferred creditor under their contract, and if they have any further claim, it is against the firm of Kelley & Eastman and not against Brooks; and that the contract, not having been recorded under R. S., c. 111, § 5, as amended in 1891 and 1895, is void against the defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, FOGLER, JJ.

STROUT, J. Plaintiffs consigned certain machines to Kelley & Eastman for sale, under a written contract which provided that "all machines and proceeds of sale, whether in notes, cash or account, shall specifically be and remain the property of the Richardson Manufacturing Company, held in trust in your (Kelley & Eastman) hands until all indebtedness incurred under this arrangement shall have been paid in full." The contract contained no element of sale to Kelley & Eastman, present or prospective. No title to the merchandise passed, or ever was to pass, to them. Kelley & Eastman sold of these consigned articles to the value of $205.25 to Kelley & Hanley. Kelley was a member of both firms. Kelley & Eastman, on December 22, 1897, made an assignment to the defendant for the benefit of their creditors. At that time Kelley & Hanley had not paid for the articles purchased by them. Plaintiffs, by their agent, Hill, notified Kelley & Hanley of its claim, and directed them not to pay the amount to the defendant, as assignee of Kelley & Eastman, but to pay it to plaintiff, and Kelley & Hanley agreed to do so. Subsequently defendant demanded payment of Kelley & Hanley, who informed him of plaintiff's claim. March 17, 1898, Kelley & Hanley paid the amount to defendant, upon his agreement to be responsible therefor, to plaintiff, if the money belonged to it. In this action for money had and re-

ceived plaintiff claims to recover this amount and also $46 collect-
ed by defendant for consigned goods of plaintiff, sold by Kelley
& Eastman, and not paid to them before their assignment.

A voluntary assignee, like an assignee in insolvency, takes the
title of the assignor, and only that, except in the case of prior con-
veyance by his assignee, in fraud of creditors. In that case he so
far represents creditors that he may avoid the fraudulent convey-
ance. In all other respects he stands in the place of his assignor,
and can assert no other or greater rights than his assignor could
have done. *Hutchinson* v. *Murchie*, 74 Maine, 187.

The consignment agreement was not recorded, as provided by c.
32 of the laws of 1895. As this contract contains no element of
bargain or sale, it is not within that statute. *Thomas v. Parsons*,
87 Maine, 203.

The consigned merchandise, while in the hands of Kelley &
Eastman, was the property of plaintiff. The consignees could sell
and give good title under the authority given by plaintiff, but such
sales in law were sales by plaintiff through its factor, and the pro-
ceeds if received by the consignees, belonged to plaintiff, and were
trust funds in the consignee's hands. If, as in this case, the pur-
chasers had not paid Kelley & Eastman, upon notice of plaintiff's
ownership, they became liable to the plaintiff for the purchase
price. *Rogers* v. *Whitehouse*, 71 Maine, 226 ; *Edmond* v. *Cald-
well*, 15 Maine, 340.

The indebtedness of Kelley & Hanley, after notice of plaintiff's
claim, became an indebtedness from them to the plaintiff. The
defendant having received from Kelley & Hanley the proceeds of
sales of plaintiff's consigned property with notice of its title, is lia-
ble in this action. His assignors had no title to the fund, and he
had none as their assignee. Having in his hands funds belonging
to the plaintiff, which he had no right to retain, the law implies a
promise to pay. *City of Calais* v. *Whidden.* 64 Maine, 249 ; *Cum-
berland National Bank* v. *St. Clair*, 93 Maine, 35.

The same result must follow as to the forty-six dollars collected
by the defendant, as the proceeds of plaintiff's goods sold on credit
by Kelley & Eastman.

Judgment for plaintiff for the two sums of $205.25 and $46, with interest on the former from March 17, 1898, and upon the latter from date of the writ.

*So ordered.*