·JOSEPH B. PEAKS AND SYLVESTER J. WALTON

*vs.*

CLYDE H. SMITH.

Somerset.    Opinion September 5, 1908.

*Chattel Mortgages.   Same not Recorded.   No Possession of Mortgaged Property by the Mortgagees.   Attaching Creditors.   Statute (Mass.) 1832, chapter 157, section 1.   Statute 1839, chapter 390, section 1 ; 1850, chapter 180 ; 1853, chapter 103 ; 1897, chapter 301 ; chapter 331; 1907, chapter 103 ; Revised Statutes, chapter 93, section 1; chapter 113, section 6.*

When a mortgage of personal property has been given by a mortgagor residing in an unorganized place, and no town or organized plantation adjoins such unorganized place, and therefore there is no place designated by the statute, R. S., chapter 93, section 1, where the mortgage can be lawfully recordèd, the mortgagee must take and keep possession of the mortgaged property in order to preserve his rights as against attaching creditors.

That part of Revised Statutes, chapter 93, section 1, relating to possession of mortgaged personal property by the mortgagee is simply declaratory of the common law, while that part relating to record provides an equivalent for possession not previously authorized.  The mortgagee is given his option either to take and keep possession or to record the mortgage.  The two methods are distinct.  One or the other is indispensable as against third parties, and the mortgagee must employ one method or the other to preserve his rights as against third parties, and it matters not in what section of the State the mortgagor may reside.

The plaintiffs brought an action of trover against the defendant, who was sheriff of Somerset County, to recover the value of certain personal property attached on a writ by one of the defendant's deputies.  The plaintiffs claimed the attached property under a chattel mortgage given to them, previous to the attachment, by a mortgagor who resided in an unorganized place in Somerset County when the mortgage was given.  The mortgage was not recorded as there is no town or organized plantation adjoining the place in which the mortgagor resided and therefore no place where the mortgage could have been legally recorded.  Neither did the plaintiffs ever take possession of the mortgaged property but permitted the mortgagor to remain in possession of the same.  Previous to bringing the action, the plaintiffs gave the defendant written notice of their claim and the true amount thereof as required by R. S., chapter 83, section 45.  *Held:* That the action cannot be maintained.

On report.   Judgment for defendant.

Action of trover brought by the plaintiffs against the defendant, Sheriff of Somerset County, to recover the value of certain personal property attached December 18, 1906, by a deputy of the defendant on a writ of attachment in favor of one Margaret J. Armstrong and against one Martin J. A. Munster.   The record does not disclose the plea, but presumably it was the general issue.

The plaintiffs claimed title to the attached property under a chattel mortgage given to them by said Munster, September 6, 1906. The mortgage was not recorded for the reason that Munster, at the time the mortgage was given, resided in Askwith, an unorganized place in Somerset County, and which is surrounded by other unorganized places, no town or organized plantation adjoining it, so that the statute requirement as to record could not have been complied with.   Neither did the plaintiffs ever take possession of the mortgaged property but allowed Munster to have and retain the possession of the same.   After the aforesaid attachment and "at least forty-eight hours" before bringing their action against the defendant, the plaintiffs gave to the defendant written notice of their "claim and the true amount thereof" as required by Revised Statutes, chapter 83, section 45.

Tried at the December term, 1907, Supreme Judicial Court, Somerset County.   At the conclusion of the testimony, the case was reported to the Law Court upon so much of the evidence as was legally admissible, with the stipulation that "if the action cannot be maintained, judgment to be rendered for the defendant; if the action can be maintained, the case to be remanded to nisi prius for assessment of damages."

The case appears in the opinion.

*J. B. & F. C. Peaks, and Walton & Walton,* for plaintiffs.
*Merrill & Merrill,* for defendant.

SITTING : EMERY, C. J., SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

CORNISH, J.   This is an action of trover against an officer to recover the value of personal property attached December 18, 1906, and is before the Law Court on report.

The plaintiffs claim title under a mortgage given to them by the debtor, September 6, 1906. The validity of this mortgage, as against the attaching creditor is attacked by the defendant on the ground that neither had the property been taken into possession and kept by the mortgagees, nor had the mortgage itself been recorded. The plaintiffs admit these facts but reply that there was no place where the mortgage could have been legally recorded and therefore the action is maintainable.

R. S., ch. 93, sec. 1, provides as follows: "No mortgage of personal property is valid against any other person than the parties thereto, unless possession of such property is delivered to and retained by the mortgagee, or the mortgage is recorded by the clerk of the city, town or plantation organized for any purpose, in which the mortgagor resides, when the mortgage is given. . . . . If any mortgagor resides in an unorganized place, the mortgage shall be recorded in the oldest adjoining town or plantation organized as aforesaid, in the county."

The mortgagor resided, at the time the mortgage was given, in Askwith, which is an unorganized place in Somerset County, and is surrounded by other unorganized places. No town or organized plantation adjoins it so that the statute requirement as to record could not have been complied with. Did this fact relieve the mortgagees from the other requirement, the taking and keeping possession of the mortgaged property? We think not.

At common law, as a general rule, to make a transfer of personal property, whether absolute or conditional, valid as against third parties, delivery was required and, in general also, a retention of the property by the vendee. *Lanfear* v. *Sumner*, 17 Mass. 109; *Goodenow* v. *Dunn*, 21 Maine, 86. The legislature of Massachusetts by P. L. of 1832, ch. 157, sec. 1, provided for the first time for the registration of personal mortgages and the court in *Bullock* v. *Williams*, 16 Pick, 33, (1834) construed this registration, when made, to be a substitute for the taking and keeping of possession. "The plain implication of the Statute is, that if possession is delivered to and retained by the mortgagee, or if the mortgage is recorded

pursuant to the directions of the statute, it shall be valid against other persons," says Chief Justice Shaw in that case.

The legislature of Maine in chap. 390, sec. 1, P. L. 1839, reenacted the Massachusetts Statute in these terms :

"No mortgage of personal property hereafter made . . . . shall be valid against any other person than the parties thereto unless possession of the mortgaged property be delivered to, and retained by, the mortgagee, or unless the mortgage be recorded by the clerk of the city, town or plantation where the mortgagor resides." Our court has followed the construction placed upon the same statute by the court of Massachusetts. *Smith* v. *Smith*, 24 Maine, 555 ; *Morrill* v. *Sanford*, 49 Maine, 566 ; *Hamlin* v. *Jerrard*, 72 Maine, 62.

The clause of the statute relating to possession is simply declaratory of the common law, while that relating to record provides an equivalent therefor not previously authorized. The mortgagee is given his option either to take and keep possession, or to record the mortgage. The two methods are distinct. One or the other is indispensable as against third parties. Impossibility of recording does not abrogate the necessity of possession any more than the impossibility of possession would annul the necessity of record. The purpose of registration was to give notice to creditors and subsequent purchasers, notice which before the statute was left to be inferred from delivery and possession, *Sawyer* v. *Pennell*, 19 Maine, 167, and the mortgagee must employ one method or the other, it matters not in what section of the State the mortgagor may reside.

Plaintiffs rely upon *Wade* v. *Bessey*, 76 Maine, 413, where the court held that the then existing statute requiring an assignment of wages to be recorded "in the town or plantation organized for any purpose, in which the assignor is commorant while earning such wages" did not apply to an assignor earning wages in an unorganized township. We hold the same here. If the facts do not meet the statute, the statute does not apply. But the statute throws upon the mortgagee in such cases another duty, the common law duty that existed before the statute was passed, while in the case of the assignor, no other burden is imposed. More in point is *Grant*

v. *Albee,* 89 Maine, 299. The rule as to the attachment of personal property is similar to that governing mortgages. At common law in order to perfect and preserve an attachment of chattels, it was necessary to take and retain possession and control of the property or to have the power to take immediate control. *Laughlin* v. *Reed,* 89 Maine, 226. A statute, originally passed in 1840, authorized the recording of attachments of bulky personal property and with some amendments is still in force. In 1896 the then existing statute provided that "when the attachment is made in an unincorporated place" the copy of the officer's return of attachment "shall be filed and recorded in the office of the clerk of the oldest adjoining town in the county." In *Grant* v. *Albee,* supra, personal property was sought to be attached in an unincorporated place with no town adjoining, and the officer recorded his attachment in the oldest and nearest town, but failed to keep possession of the property. The court held that the record was not authorized and the attachment was void. If the plaintiffs' reasoning in the case at bar is correct the impossibility of the record rendered unnecessary the taking of possession.

It is interesting to note that the statute as to recording assignments has been amended to cover the omission existing at the time of *Wade* v. *Bessey,* 76 Maine, 413; (1884) See P. L. 1897, ch. 301, R. S., ch. 113, sec. 6, P. L. 1907, ch. 103. And the statute relating to recording attachments of personal property, existing at the time of *Grant* v. *Albee,* 89 Maine, 299, (1896) has been similarly amended. See P. L. 1897, ch. 331, R. S., ch. 83, sec. 27. Moreover by P. L. 1850, ch. 180, recording of a personal mortgage was authorized in the nearest incorporated town in case the mortgagor resided in an unorganized place, which would have met the conditions in the case at bar; but by P. L. 1853, c. 103, this was changed "to the oldest adjoining town in the county." To change it back and make it harmonious with the statute governing assignments and attachments is for the legislature and not for the court.

The burden is on the plaintiffs to prove their right of possession of the goods attached. This they could do by proving that "possession" of the goods had been "delivered to and retained by" them

as mortgagees, or that the mortgage had been duly recorded, *Citizens National Bank* v. *Oldham*, 142 Mass. 379. The latter could not be done, the former was not done, and the entry must therefore be,

*Judgment for defendant.*