ALFRED P. CATE *vs.* FREDERICK T. MERRILL, et al.

Cumberland. Opinion November 4, 1912.

*Contract. Computation of Interest. Demand. Interest. Legal .Rate.*
*Mortgage. Possession. Replevin. Title. Public Laws of*
*1899, Ch. 67, R. S., 1903, Ch. 46, Sec. 2, Public Laws,*
*1905, Ch. 90. Public Laws, 1907, Ch. 97.*

1. The right of a mortgagee of personal property to take possession after default is so well established as to need no citation of authorities.

2. The only question involved so far as Frederick T. Merrill was concerned was whether the note, which was for four hundred and ninety dollars and interest at five per cent per month, for which the mortgage was given as security, had been fully paid.

3. A mathematical computation of the accumulated interest with deductions for payment both on interest and principal proves that a substantial balance was overdue at the time this action was brought.

4. A contract of this sort entered into between the parties in good faith and whose validity has been recognized by payment of interest at the agreed rate for several months cannot be regarded as unconscionable and illegal.

5. The default of the defendant being established, the right of the plaintiff to maintain replevin against Frederick T. Merrill is clear.

6. The uncontroverted evidence proved a demand on Carrie C. Merrill before suit brought, so her defense fails.

On motion and exceptions by the plaintiff.   Motion not considered.   Exceptions sustained.

This is an action of replevin by a mortgage of personal property against the mortgagors after default.
fendant, Carrie C. Merrill, and denying plaintiff's title.   The other
    Frederick T. Merrill, one of the defendants, pleads the general issue with brief statement claiming title in himself and his co-defendant, Carrie C. Merrill, pleads the general issue with brief statement that she and her co-defendant retained possession of the goods in question by virtue of the terms of the mortgage and by permission of the plaintiff.

The presiding Judge refused to grant the plaintiff's motion to order a verdict for the plaintiff and the plaintiff excepted to said refusal.

The case is stated in the opinion.

*William C. Eaton,* for plaintiff.

*Fabius M. Ray and Harry C. Wilbur,* for defendants.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

CORNISH, J.   Action of replevin brought by the mortgagee of personal property against the mortgagors after default. One defendant, Frederick T. Merrill, pleaded the general issue with a brief statement denying plaintiff's title and claiming title in himself and his co-defendant Carrie C. Morrill.   Under this plea the only issue was the title of the plaintiff.   *McLeod* v. *Johnson,* 96 Maine, 271. The other defendant, Carrie C. Merrill, wife of Frederick T. Merrill, pleaded the general issue with a brief statement that she and her co-defendant retained possession of the goods in question by virtue of the terms of the mortgage, and by permission of the plaintiff.   Proof of demand before bringing suit was necessary under the latter pleadings but not under the former.

The right of a mortgagee of personal property to take possession after default is so well established as to need no citation of authorities.   The only question involved, so far as Frederick T. Merrill was concerned, was whether the note for which the mortgage was given as security had been fully paid.   This note was for the sum of four hundred and ninety dollars, dated February 20, 1909, due

in one month with interest at the rate of five per cent per month until fully paid.

A mathematical computation of the accumulated interest with deductions for payment both on interest and principal proves that a substantial balance was overdue at the time this action was brought. While admitting the accuracy of this computation at the agreed rate, the defendants say that the contract was unconscionable and that therefore the jury had a right to compute interest at the legal rate of six per cent per annum and on that basis the note had been fully paid. Even upon the basis claimed by the defendants we think the evidence shows a small balance to have been due the plaintiff, but if there were none the legal claim cannot be conceded to be the rule in this State. A contract of this sort entered into between the parties in good faith, and whose validity has been recognized by the payment of interest at the agreed rate for several months cannot be regarded as unconscionable and illegal.

Prior to 1870, interest in excess of six per cent per annum was made usurious by statute, and such excess could be deducted from the amount due on the contract. R. S., 1857, Ch. 45, sec. 1, 2 and 3. This was repealed by chap. 124 of the Pub. Laws of 1870, which provided that "in the absence of any agreement in writing the legal rate of interest shall be six per cent per annum," and all acts inconsistent therewith were thereby expressly repealed. *Holmes* v. *French,* 68 Maine, 525. Subsequent amendments have limited the rate of interest allowable upon loans for less than two hundred dollars secured by mortgage or pledge of personal property. Pub. Laws, 1899, Ch. 67, R. S., 1903, Ch. 46, Sec. 2, Pub. Laws, 1905, Ch. 90, and Pub. Laws, 1907, Ch. 97, but there is now no statutory limitation upon the rate of interest collectible upon loans of over two hundred dollars. *Lindsay* v. *Hill,* 66 Maine, 212.

The default of the defendant being established, the right of the plaintiff to maintain replevin against Frederick T. Merrill is therefore clear.

So far as the co-defendant Carrie C. Merrill is concerned, it need only be said that the uncontradicted evidence abundantly proved a demand before suit brought, so that her defense fails also.

It is unnecessary to consider the motion, which the defendants claim was not seasonably filed, being a term subsequent to the

trial term and therefore in violation of Rule XIX of the Superior Court of Cumberland County. This point is well taken. Inasmuch, however, as the presiding Judge refused to grant the plaintiff's motion to order a verdict for the plaintiff, and a verdict for the defendants upon the undisputed evidence would not be allowed to stand, *Wellington* v. *Corinna,* 104 Maine, 252, the plaintiff's rights are as fully protected by his exceptions to this ruling as by a motion that the verdict is against the evidence.

The entry should therefore be,

*Exceptions sustained.*