PRODUCTION CREDIT ASSOCIATION
*vs.*
L. RALPH KENT, *Deputy Sheriff*

Aroostook.  Opinion, January 13, 1948.

*C. M. Fowler,* for plaintiff.

*M. P. Roberts,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ.

OPINION.

TOMPKINS, J. Replevin of a quantity of potatoes. On report. The Law Court to render such final decision therein as law and justice require, from such facts reported as are legally relevant to the issue involved. The case was argued in writing by the defendant before the Law Court. The plaintiff waived argument.

The facts in the case as gathered from the record and agreed stipulation are as follows: Wendell Christensen of Fort Fairfield, Maine, under the name of S. Wendell Christensen, executed a chattel mortgage in favor of Fort Fairfield Production Credit Association, the plaintiff in the replevin suit. The mortgage covered, in addition to certain farm machinery, all potatoes "Now growing or to be planted, grown or produced by the mortgagor during 1945," on the premises described in the chattel mortgage. The mortgage was dated May 14, 1945, and recorded in the Town Clerk's office in said Fort Fairfield on June 13, 1945. On

November 9th the defendant, a deputy sheriff, attached the potatoes in question on a writ in favor of Grant A. Hunt against said Christensen, and preserved the attachment by recording it the same day in the office of the Town Clerk of said town of Fort Fairfield. The action was based on account annexed for goods, wares and merchandise sold and delivered to said Christensen in the year 1944 and previous to the execution, delivery and record of the chattel mortgage. The writ was duly entered in the Superior Court of Aroostook County and there pending as of the date of the report.

The Fort Fairfield Production Credit Association on Nov. 17, 1945, gave notice of its claim and the amount thereof under the mortgage, and demanded payment of the same. Payment was not made and on Nov. 27, 1945, the Production Credit Association replevied the potatoes in question. The defendant pleaded *non cepit,* and for brief statement alleged that at the time the goods were recovered by the plaintiff the property of the same was not in the plaintiff.

Under the state of the pleadings the plaintiff must establish title or other right to the possession superior to that of the defendant. *Cate* v. *Merrill et al.,* 109 Me. 424; 84 A. 897; *McLeod* v. *Johnson,* 96 Me. 271; 52 A. 760; *Hoeffner* v. *Stratton,* 57 Me. 380. The owner or person entitled to possession of chattels may under our statute replevy them from anyone who has wrongfully taken them, or who, coming rightfully into possession of them, wrongfully detains them from him. The plaintiff's right arises and derives its force from the chattel mortgage on which the plaintiff depends. The cause of action on which the chattels were attached arose prior to the date of the mortgage and prior to its record. The chattel mortgage of the plaintiff was not recorded or possession delivered to the mortgagee within twenty days of the date written in the mortgage. The defendant contends that as the mortgage was not recorded or possession delivered the mortgagee within twenty days of its date the mortgage was invalid against the attaching creditor, and

therefore is a defense in the replevin suit to the defendant, the officer making the attachment.

The recording statute, Section 1 of Chapter 164 of the Revised Statutes of Maine, 1944, provides, omitting the parts not applicable to the case, as follows:

> "No mortgage of personal property shall be valid . . . . . against any person other than the mortgagor . . . . . unless and until possession of such property is delivered to the mortgagee within twenty days from the date written in the mortgage and unless possession is retained by the mortgagee, or unless and until the mortgage is recorded within said period of twenty days . . . . . If possession is taken or said mortgage is recorded subsequent to said period of twenty days it shall be valid . . . . . against attachments made subsequent thereto, based upon causes of action arising subsequent thereto."

The purpose of taking possession and retaining it, or of recording, is to give notice to creditors and subsequent purchasers. "The clause of the statute relating to possession is simply declaratory of the common law, while that relating to record provides an equivalent therefor not previously authorized. The mortgagee is given the option either to take and keep possession or to record the mortgage. The two methods are distinct. One or the other is indispensable as against third parties." *Peaks* v. *Smith*, 104 Me. 315; 71 A. 884. Until the mortgagee takes and retains possession or records the mortgage, it is not valid against any person other than the mortgagor, such is the provision of the statute. The statute further provides that if he performs one of these two conditions within twenty days after the date written in the mortgage it is a valid mortgage, but the registration does not date back to the date of the mortgage so as to give it priority over intervening titles or liens. *Drew* v. *Streeter*, 137 Mass. 460. If however the "Mortgage is recorded or possession taken subsequent to said period of twenty days it shall be valid against attachments made sub-

sequent thereto, based upon causes of action arising subsequent thereto." Such attaching creditors are the exception under the statute. The mortgage is valid as to such attaching creditors, and the mortgagee is protected.

The attaching creditor in the case under consideration brought his action on a claim arising prior to the delinquent recording. The mortgage was not valid as to him because the statute definitely provides that the mortgage shall not be valid "Against any person other than the mortgagor unless and until possession of the property is delivered to the mortgagee within twenty days from the date written in the mortgage and unless possession is retained by the mortgagee, or unless and until the mortgage is recorded within the said period of twenty days." If one of these options is not exercised as directed by the statute, and the mortgage is recorded subsequent to the twenty day period it is "Valid against attachments made subsequent thereto based upon causes of action arising subsequent thereto." Such third parties are excluded from taking advantage of the delinquent recording. Not so as to creditors with claims arising prior to the recording or taking possession. The recording statute is strictly construed. *Hayden* v. *Russell et al.*, 119 Me. 38; 109 A. 485. The attachment took precedence over the mortgage because the mortgagee failed to conform to the provisions of the statute. *Drew* v. *Streeter*, 137 Mass. 460; *Burdick* v. *Coates*, 22 R. I. 410; 48 A. 389; *Roudebush* v. *Nash*, 93 Ind. App. 283; 177 N. E. 335; *Robinson et al.* v. *Whittier et al.*, 112 Wash. 6, 191 P. 763.

The burden is on the plaintiff to prove his title or right of possession of the goods attached. Plaintiff could do this either by proving that "possession" had been "delivered to" and retained by it as mortgagee, or that the mortgage had been duly recorded as provided by the statute. The plaintiff could not take possession of the potatoes because they were not in existence at the date written into the mortgage, nor were they in existence within the twenty day period after that date. The plaintiff could, however, have recorded

the mortgage as the statute provided. The plaintiff failed to do this. The mortgage was not valid against the attaching creditor.

The question of damages not being raised in the statement of facts in the report is not considered in this opinion. The question of damages may be determined in suit on the bond. *Archer* v. *Aetna Casualty Co.*, 55 A. (2) 135; 143 Me. 64.

*Judgment for defendant in replevin suit.*
*Return of goods replevied ordered.*