In the Matter of John R. BATCHELDER, Bankrupt.

No. BK-63-1323.

United States District Court
D. Maine, S. D.

Nov. 12, 1964.
As Corrected Nov. 18, 1964.

Joseph E. Brennan, Portland, Me., trustee petitioner.

William Troubh, Portland, Me., for trustee.

Merton G. Henry, Donald G. Lowry, Portland, Me., for Commercial Credit Corp.

GIGNOUX, District Judge.

This matter is before the Court on the petition of the trustee in bankruptcy for review of an order of the referee in bankruptcy dated August 12, 1964 dismissing the trustee's application to sell a certain mobile home free and clear of liens. The sole issue presented is the correctness of the referee's determination of the validity of a lien upon the mobile home asserted by Commercial Credit Corporation, for an amount agreed to be in excess of its appraised value, by reason of a conditional sale contract executed September 4, 1963

and recorded on September 11, 1963 in the office of the town clerk of Scarborough, Maine.

The facts, which are undisputed, are these. In July, 1963 the bankrupt, who had sold his home in Portland, went to a branch office of Blotner Trailer Sales, Inc., to attempt the purchase of a mobile home. Following negotiations with Blotner's branch manager, the bankrupt made a preliminary down payment of $250 toward the mobile home in question. On the following day he made an additional payment of $400 and the mobile home was delivered to a trailer park in Scarborough. Thereupon, the bankrupt and his family moved into the mobile home, and they continued to live there through the period here relevant. On September 4, 1963 the bankrupt made a further payment of $250 to Blotner, thereby completing, in the view of the parties, the "down payment" on the mobile home. On the same day the bankrupt and his wife executed a conditional sale contract, which Blotner assigned to Commercial Credit Corporation. Commercial Credit Corporation recorded the contract in the Scarborough town clerk's office on September 11, 1963. On December 6, 1963 the bankrupt filed a voluntary petition in bankruptcy.

The referee found, upon the basis of the testimony of the bankrupt and Blotner's branch manager, that the mobile home was delivered to the bankrupt in July with the understanding that if he failed to make the down payments, he "would not get the trailer" and any payments previously made by him would be retained by Blotner. The referee concluded that, although described in lay terms, the transaction plainly constituted a bargain and delivery of the mobile home to the bankrupt, with an agreement that the title should remain in Blotner until paid for. Compare: Richardson Mfg. Co. v. Brooks, 95 Me. 146, 49 A. 672 (1901); Thomas v. Parsons, 87 Me. 203, 32 A. 876 (1895). He accordingly ruled that the title retention provision of the oral agreement was invalid under the provisions of the Maine Conditional Sales Recording Act, Me.Rev.Stat. ch. 119, § 9 (Supp.1963),[1] and that the July transaction constituted a mere sale on credit, as the result of which the title to the mobile home passed from Blotner to the bankrupt at that time, free of any encumbrance. Pinkham v. Commercial Acceptance Corp., 128 Me. 139, 141, 145 A. 900 (1929). The referee further ruled, however, that the subsequent execution by the parties in September of the written conditional sale contract, although ineffective to accomplish a conditional sale of the property because Blotner no longer had title thereto, was effective to create an equitable mortgage on the mobile home securing payment by the bankrupt of the balance of the agreed purchase price. Mac Motor Sales, Inc. v. Pate, 148 Me. 72, 78, 90 A.2d 460 (1952). Since the written agreement was properly recorded within the twenty-day period prescribed by the Maine Chattel Mortgage Recording Act, Me.Rev. Stat. ch. 178, § 1 (Supp.1963),[2] and since no lien was shown to have intervened between the date of execution and the date of recording, the referee held that the lien of the equitable mortgage thereby created was valid under Maine law, and not subject to avoidance by the trustee. Mac Motor Sales, Inc. v. Pate, su-

1. The Maine Conditional Sales Recording Act provides, in relevant part:

   "No agreement that personal property bargained and delivered to another shall remain the property of the seller till paid for is valid unless the same is in writing and signed by the person to be bound thereby."

2. The pertinent language of the Maine Chattel Mortgage Recording Act is as follows:

   "No mortgage of personal property shall be valid against a trustee in bankruptcy * * * or against any person other than the mortgagor, * * * unless and until the mortgage or a memorandum thereof is recorded within the * * * period of 20 days in the office of the clerk of the * * * town * * * in which the mortgagor resides when the mortgage is given, * * *."

pra; Production Credit Ass'n v. Kent, 143 Me. 145, 148, 56 A.2d 631 (1948).

Petitioner does not here challenge the referee's determination, which is clearly correct under the authorities cited, that the effect of the foregoing transaction was to create an equitable mortgage which was valid under Maine law as against liens arising subsequent to the date of its recording.[3] Petitioner contends, however, that the lien thus created was subject to avoidance by the trustee under Sections 60, sub. b, 70, sub. c and 70, sub. e of the Bankruptcy Act, 11 U.S.C. §§ 96, sub. b, 110, sub. c and 110, sub. e.

■ There is no merit whatsoever in petitioner's contention that the execution of the conditional sale contract constituted a voidable preference under Section 60, sub. b of the Act. As the referee found, the record is devoid of evidence that Blotner had reasonable cause to believe that the bankrupt was then insolvent, a necessary condition to the trustee's power to avoid a preferential transfer under Section 60, sub. b.

■ There is equally little merit in petitioner's argument that the lien of the equitable mortgage is subject to avoidance by the trustee under Sections 70, sub. c and 70, sub. e of the Act. Section 70, sub. c gives to the trustee the rights of a hypothetical creditor who could have obtained a lien on the date of bankruptcy. Lewis v. Manufacturers Nat'l Bank, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961). Section 70, sub. e renders null and void as against the trustee a transfer which on the date of bankruptcy was fraudulent as against or voidable for any other reason by an actual creditor of the debtor who has a claim provable under the Act. In re Di

Pierro, 159 F.Supp. 497 (D.C.Me.1958); 4 Collier, Bankruptcy, para. 70.78 (14th ed. 1962). Under both sections, "* * * the rights of creditors—whether they are existing or hypothetical—to which the trustee succeeds are to be ascertained as of 'the date of bankruptcy,' not at an anterior point of time." See Lewis v. Manufacturers Nat'l Bank, supra, 364 U.S. at 607, 81 S.Ct. 347. As of the date of bankruptcy, no creditor—hypothetical or actual—could have voided the lien of the equitable mortgage here involved. Production Credit Ass'n v. Kent, supra.

■ Petitioner argues strenuously that the Referee erred in giving effect to the equitable mortgage because "the declared policy of the Bankruptcy Act is against the recognition of equitable liens * * *." Petitioner supports this argument by reference to the first sentence of Section 60, sub. a(6) of the Act, 11 U.S.C. § 96, sub. a(6), which provides, "The recognition of equitable liens where available means of perfecting legal liens have not been employed is, hereby declared to be contrary to the policy *of this section.*" (Emphasis added.) It is evident from the quoted language itself that the policy therein declared is limited to Section 60 of the Act, and does not extend to Sections 70, sub. c and 70, sub. e. See 4 Collier, Bankruptcy, supra, paras. 70.62 and 70.87(3). It is also clear from the history of Section 60, sub. a(6) that the policy against the recognition of equitable liens under Section 60 is relevant only for the purpose of determining the effective date of an otherwise voidable preferential transfer. See 3 Collier, Bankruptcy, supra, para. 60.50. But whatever the effective date of the transfer here involved, as the Court has already held, the transaction is not subject

---

3. Petitioner cites no authority in support of his suggestion that an equitable mortgage arose by reason of the oral agreement between the bankrupt and Blotner in July. In fact, as has been noted, it is settled under Maine law that such an oral agreement constitutes no more than a sale on credit, by which title to the property passes to the buyer, free of any encumbrance. Pinkham v. Commercial

Acceptance Corp., supra. The equitable mortgage recognized by Maine law does not arise when the seller orally contracts to retain a security interest; it arises when the borrower "seeks to secure his loan by executing a contract in the form of a conditional sale from the lender to himself of property which he, the borrower, already owns, * * *" Mac Motor Sales, Inc. v. Pate, supra.

to avoidance by the trustee under Section 60, sub. b, because petitioner has failed to establish that Blotner had reasonable cause to believe that the bankrupt was insolvent at any time prior to the date of bankruptcy.

The Court has considered petitioner's other contentions and does not find them to require discussion.

The order of the referee is affirmed.