# Neff *versus* Landis.

1.  A vendor who parts with property on the fraudulent representations of
    a minor that he is of age, and that he is indorsed by responsible parties,
    may affirm the contract and sue in assumpsit or disaffirm the sale and
    bring replevin to recover the possession of his property from a third per-
    son to whom such minor may have transferred it.  After the vendor has
    established the fraud of the minor, he need not prove collusion between
    him and such third person in order to support his action of replevin;
    the burden is on such third party to prove the good faith and fairness
    of the transfer to him.

2.  The fact that a vendor, who has been induced by fraud to part with his
    property, relies upon an express promise of the vendee to pay, does not
    purge the transaction of the fraud upon which the promise was accepted
    and is of no avail to defeat him in an action of replevin brought to dis-
    affirm the sale.

3.  Evidence of frauds of a similar nature, perpetrated by the same person
    about the same time, is admissible on the question of intent, as tending
    to establish a system, and to show that the fraud complained of is but
    one in a connected series.

May 20th, 1885.  Before MERCUR, C. J., GORDON, TRUN-
KEY, GREEN and CLARK, JJ.  PAXSON and STERRETT, JJ.,
absent.

ERROR to the Court of Common Pleas of *Lancaster county :*
Of July Term 1885, No. 56.

Replevin, by A. P. Neff against J. R. Landis to recover two
cases of cigars.  Pleas, *non cepit* and property.

On the trial, before LIVINGSTON, P. J., the following facts
appeared :  In May, 1883, plaintiff sold to G. G. Landis, a son
of defendant, eight cases of cigars to be paid for on delivery at
Lima, Ohio.  On May 24th, plaintiff shipped two of the cases
and, at Landis' request, gave him ten days time for payment.
At the expiration of this time plaintiff wrote to Landis for the
money, but received no reply.

On June 2d, 1883, defendant went to his son's place in
Lima and on his return brought with him the two cases of
cigars, which were subsequently seen by John A. Krafft in
defendant's barn at Rothsville.  Upon learning this plaintiff
instituted this suit.

At the trial plaintiff offered to prove that G. G. Landis, the
infant son of the defendant, represented—to the witness on

the stand who is plaintiff—that he said G. G. Landis, had just arrived at the age of twenty-one years; that he was about to engage in the business of retailing cigars at Lima, Ohio; that he had been with N. N. Bender, and that N. N. Bender and his own father, Jacob R. Landis, who is the defendant in this case, were backing him in the business, to be followed by proof that these representations were false, and that the defendant afterwards took possession and kept the cigars obtained by said false representations, and that they were the cigars the subject of this suit, and also to be followed by proof that in an action on attachment in this court against the minor to which the plaintiff and others were parties, he pleaded his minority and defeated the plaintiff on that ground; also to be followed by proof of collusion between the defendant and said minor son by which the father obtained possession of the goods, the subject of the present suit, and that this is but one of a series of similar transactions.

Objected to by the defendant for the reason that if G. G. Landis did make said misrepresentation, plaintiff's only remedy, as Landis had parted with the goods, was an action of deceit against him, and further, because the offer referred to matters not connected with defendant.

*Answer.* "As a whole the offer is disallowed for the present. And the court permit plaintiff to first offer any evidence he may have of any collusion or fraud between the defendant and G. G. Landis, by reason of which defendant obtained possession of the goods which are the subject of the present suit." Exception. (Fourth assignment of error.)

Plaintiff further offered to prove by John A. Krafft "that the cigars in question were in the barn of defendant and in his possession with other cigars in July, 1883; that witness offered to take from Jacob R. Landis a portion of the larger lot of which the cigars in question were a portion, in settlement of a claim of the witness; and that defendant said before I can do that I must see my son—referring to the minor son, G. G. Landis. If he says so you can have them. I am afraid I may make myself liable to the other parties for these cigars. This to be followed by proof that A. P. Neff was one of the parties." Objected to by defendant. Objection sustained and evidence excluded. Exception. (Fifth and sixth assignments of error.)

Plaintiff then proposed to ask Jacob R. Landis, called as on cross-examination, and also N. N. Bender whether or not they were to back G. G. Landis, son of defendant, in the retail cigar business at Lima, Ohio, in 1883, for the purpose of showing that the representation of said son was false and fraudulent, this to be followed by proof that the son, G. G. Landis, had

represented to the plaintiff when he obtained the cigars, the subject of the present suit, that they had agreed to back him. This, for the purpose of proving a false representation of the son, to be followed by proof that the plaintiff parted with his property, the subject of the present suit, by reason of said false and fraudulent representations. Objected to by defendant. Objection sustained. (Seventh and eighth assignments of error.)

Defendant moved for a non-suit for the following reasons: (1.) That the plaintiff has stated in his testimony that he sold the property in controversy and delivered it to G. G. Landis, whose title to the same under the evidence was perfect. (2.) That, though G. G. Landis was a minor at the time he purchased the property, there is no evidence of a disaffirmance of the contract on his part, and replevin could not therefore lie, even against him. (3.) Plaintiff under the law being compelled to recover on the strength of his own title, and having testified that he parted with the title to the property, there can be no recovery in this action.

A judgment of non-suit was entered upon this motion, which the court subsequently refused to take off. Plaintiff then took this writ assigning for error the refusal to admit his offers of evidence as above specified and the refusal to take off the non-suit.

*J. W. Johnson* (*H. H. McClune* with him), for plaintiff in error.—The plaintiff offered the evidence to prove all these false representations of this minor son of the defendant, but the court rejected it and required the plaintiff first to connect the father with the son in the fraud. This was manifest error, for all that the law required of the plaintiff in the first instance was to show the fraud of G. G. Landis, the party from whom the defendant obtained the cigars, and then the burthen was clearly on the defendant to affirmatively show, if he could, that he had gotten the cigars from his son in a way that he could hold them as against the plaintiff: Tainter *v.* Hyneman, 6 Phila., 202.

As against this father's claim, plaintiff proved enough facts to send the case to the jury: Bevan *v.* Ins. Co., 9 W. & S., 187; Hill *v.* Trust Co., 12 Out., 1.

*J. Hay Brown*, for defendant in error.—Plaintiff in replevin must recover on the strength of his own title; if he fail to establish an exclusive right to the same, the defendant is entitled to a verdict: Reinheimer *v.* Hemingway, 11 Casey, 432.

The minor did not disaffirm his contract, and even if he had

done so, the plaintiff is without a remedy, after the minor had parted with the goods: 1 Parsons on Contracts, 321.

Mr. Justice CLARK delivered the opinion of the court, October 5th, 1885.

The plaintiff, at the trial of this case, offered to prove that G. G. Landis, at the time of the purchase of the cigars in suit, represented that he had just arrived at the age of twenty-one years, and was about to engage in business, on his own account, at Lima, Ohio, and that his father Jacob R. Landis, the defendant, and one N. N. Bender were "backing him in the business; " that by means of these representations he obtained the goods; that subsequently, when the cigars were attached for this and other debts, he pleaded his minority, and the plaintiff was defeated in the action on that ground. The refusal of this offer constitutes the principal assignment of error.

It is admitted, that at the time of the purchase of the cigars, Landis, the son, was in fact a minor; that the representations made by him, in this regard, were wholly untrue and it is not pretended that there was anything in his appearance, or otherwise, to put parties dealing with him on their guard. It cannot be doubted that a minor who, under such circumstances, obtains the property of another, by pretending to be of full age and legally responsible, when in fact he is not, is guilty of a fraud by false pretence, for which he is answerable, under the criminal law: 2 Wh. Cr. Law, 9th ed., 1149.

A contract, induced by such fraud as does not involve a public wrong, the adjustment of which is against public policy, is in general voidable only, not void, and the party defrauded may at his option confirm or repudiate it; the contract only becomes void, after it has been avoided; therefore, in the case of a sale of goods induced by the fraud of the vendee, the vendor may, excepting in the cases mentioned, sue in assumpsit for the price, in affirmance of the contract, or in trover or replevin, in disaffirmance of it. But until the vendor has done some act to disaffirm the transaction, the property vests in the vendee; therefore it is, that an innocent transferee, for value, takes the title; the mere fact that the contract may be afterwards rescinded does not affect its intermediate efficiency. In cases of fraud from false personation it has been held, that no title passes, but this distinction arises out of the consideration, that no contract is in such case made with the party personated, and none is contemplated with the false impersonator; the title therefore remains in the vendor, and the transaction is wholly inoperative even as to third persons. The general rule as drawn from all the cases and stated in Benjamin on Sales, p. 568, is as follows: Whenever goods are obtained from their

[Neff *v.* Landis.]

owner by fraud, we must distinguish whether the facts show a sale to the party guilty of the fraud, or a mere delivery of the goods into his possession, induced by fraudulent devices on his part; that is to say, whether the owner intended to transfer both the property in, and the possession of, the goods to the person guilty of the fraud, or to deliver nothing more than the bare possession; in the former case, there is a contract of sale, however fraudulent the device, and the property passes; but not in the latter case.

It is doubtless true, that under the admitted facts of the case at bar, the title to the cigars in controversy passed from Neff, the plaintiff, to Landis, the purchaser; the transaction presents all the requisites of an actual sale; the manifest design of the parties was to pass the property, as well as the possession; but if the sale was induced by the artifice and fraud of the vendee, the vendor had an undoubted right, on discovery of that fraud, to repudiate the contract and proceed by replevin for the possession of the property.

The minority of Landis, and his consequent legal `irresponsibility, were first asserted and definitely ascertained in the domestic attachment, and the plaintiff appears to have pursued the remedy by replevin promptly, when the fraud was ascertained. The fact that Neff parted with the property, on the terms of an absolute sale, relying upon an express promise of Landis to pay when the cigars were received at Lima, is of no avail to defeat him in this action, as the learned court would seem to have supposed, if that sale and delivery were brought about by the fraud of the vendee; the plaintiff's reliance upon a promise to pay would not purge the transaction of the fraud, upon which the promise was accepted.

The learned court would appear to have assumed, that to recover in this case, it was necessary to establish a fraudulent collusion between the father and the son. If the fraud of G. G. Landis be admitted or shown, the defendant could have no title to the cigars, unless he obtained them *bona fide* and for a valuable consideration, and the burden would be upon him to prove the good faith and fairness of the transaction.

No opinion was filed by the court, either at the entry of the non-suit, or on the discharge of the rule, and it is difficult to determine the exact ground upon which these offers were rejected; the court would, however, appear to have supposed that the plaintiff, having parted with the property by the sale, to recover it again must of necessity establish a fraudulent collusion between the father and son, in the original purchase. If this was the view which the court had of the case, it was clearly erroneous.

The testimony of John A. Krafft, as offered in reference to

the alleged transaction between himself and G. G. Landis, in reference to frauds of a precisely similar nature, perpetrated by the same person, at or about the same time, on others, as it tended to establish a system and to show that the act here complained of was but one in a connected series of frauds, was clearly admissible on the question of intent.

The several offers of the plaintiff were, we think, improperly excluded.

The judgment is, therefore, reversed and a *venire facias de novo* awarded.