## The Frank Spangler Company, Appellant, *v.* Haupt.

*Contracts—Infants—Protection of infants—Disaffirmance of contract.*

1. Except for necessaries an infant is not competent to bind himself, nor liable on the contracts he has made.

2. Where an infant has made no misrepresentation as to his age, the mere fact that the person with whom he deals does not know his minority, or even has reason to believe from his appearance that he was of age, does not render the contract valid, or estop the infant from disaffirming it; nor will the mere fact that the infant does not volunteer information as to his age invalidate his contracts.

3. The mere silence of an infant as to his age, when making a contract, does not constitute a fraud which can be made the basis of an action against him for deceit.

4. A young man named D. F. Haupt between twenty and twenty-one years of age, took charge of his father's lumber busuness after his mother had carried it on about one year. The father's name was D. P. Haupt. D. F. Haupt adopted a letter head in which he used the words "Established in 1862," and also the words "Wholesale and Retail Dealer in Lumber and Building Materials." Under this letter head D. F. Haupt wrote a letter ordering a car load of lumber and stating that he was the successor of D. P. Haupt. The dealer to whom the letter was addressed furnished the lumber, but when D. F. Haupt came of age he repudiated the contract as he did several others which he had made in a similar way. *Held,* that the dealer who had furnished the lumber could not maintain an action of deceit to recover the price of it.

5. If a wrong grows out of contract relations, and the real injury consists in the nonperformance of a contract into which the party wronged has entered with an infant, the law will not permit the former to enforce the contract indirectly by counting on the infant's neglect to perform it, or omission of duty under it, as a tort.

Argued Dec. 4, 1912. Appeal, No. 103, Oct. T., 1912, by plaintiff, from order of C. P. Schuylkill Co., Nov. T., 1911, No. 139, refusing to take off compulsory nonsuit in case of The Frank Spangler Company v. D. F. Haupt. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass for deceit. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*J. O. Ulrich*, with him *R. A. Reick*, for appellant.—As the defendant was guilty of fraud he was liable in an action of deceit: Neff v. Landis, 110 Pa. 204; Lloyd's Estate, 18 Pa. Dist. Rep. 514; Meade v. Clarke, 159 Pa. 159; Parker v. Ry. Co., 207 Pa. 438.

The defendant cannot keep both lumber and money: Kitchen v. Lee, 11 Paige, 107.

An infant cannot disaffirm a contract and at the same time retain what he has received under it; he must first return the consideration in order to rescind or disaffirm: Mure v. Berkheimer, 1 York, 177; Badger v. Phinney, 15 Mass. 359; Roberts v. Wiggin, 1 N. H. 73; Hamblett v. Hamblett, 6 N. H. 333; Henry v. Root, 33 N. Y. 526.

Persons who are not sui juris are liable for their torts: Wolf's Lunacy, 9 Kulp, 523; Lancaster County Nat. Bank v. Moore, 78 Pa. 407; Moore v. Hershey, 90 Pa. 196; Wirebach v. Bank, 97 Pa. 543; Black's Est., 132 Pa. 134; Mutual Fire Ins. Co. v. Showalter, 3 Pa. Superior Ct. 452; Tarr v. Robinson, 158 Pa. 60.

The defendant being liable for his frauds the case should have been submitted to the jury: Vallance v. Ins. Co., 42 Pa. 441; Craver v. Miller, 65 Pa. 456; Ehrisman v. Roberts, 68 Pa. 308; McGrann v. R. R. Co., 111 Pa. 171; Snyder v. Berger, 18 W. N. C. 490.

An infant who fraudulently obtains goods upon credit with an intention not to pay for them is liable in tort to the party injured: Wallace v. Morss, 5 Hill, 391; Gaunt v. Taylor, 15 N. Y. Supp. 589; Rice v. Boyer, 9 N. E. Repr. 420; N. Y. Bldg., Loan & Banking Co. v. Fisher, 48 N. Y. Supp. 152.

*R. P. Hicks,* with him *C. E. Berger,* for appellee.—The general rule, both in law and equity, in respect to concealment, is that mere silence in regard to a material fact, which there is no legal obligation to disclose, will not avoid a contract, although it operates as an injury to the party from whom it is concealed: Hazlett v. Powell, 30 Pa. 293; Penrose v. Curren, 3 Rawle, 351.

No false representations having been alleged or proved, it was not permitted to plaintiff to turn innocent representations into fraud because of offers that defendant purchased from others with an intention not to pay: Smith v. Smith, Murphy & Co., 21 Pa. 367.

If the allegations of plaintiff's statement had set forth a case of fraud and all the allegations had been proved, no recovery could have been had because an action for deceit cannot be supported on the contract of an infant in Pennsylvania: West v. Gregg, 1 Grant (Pa.), 53; Com. v. Hantz, 2 P. & W. 333; Guthrie v. Murphy, 4 Watts, 80; Wilt v. Welsh, 6 Watts, 9; Johnson v. Lines, 6 W. & S. 80; Stern v. Meikleham, 10 N. Y. Supp. 216; Sanger v. Hibbard, 104 Fed. Repr. 455; Ryan v. Smith, 43 N. E. Repr. 109; Kirk v. Clark, 59 Pa. 479; Shaw v. Boyd, 5 S. & R. 309.

Whenever the substantive ground of an action against an infant is contract, as well where the contract is stated as inducement to a supposed tort, as where it is not, the

plaintiff cannot recover: Wilt v. Walsh, 6 Watts, 9; Keen v. Coleman, 39 Pa. 299.

OPINION BY RICE, P. J., April 21, 1913:

The plaintiff was a wholesale dealer in lumber in the state of Ohio and the defendant was engaged in the retail lumber business in the state of Pennsylvania. The plaintiff sent out circular letters offering certain kinds of lumber at certain prices. One of these letters was addressed to D. P. Haupt, and, he having died, was delivered to D. F. Haupt his son, this defendant. On February 13, 1908, he wrote to the plaintiff, "Your letter and price list, addressed to D. P. Haupt (of which I am the successor of) received." Then follows an order for a car load of lumber. At the head of this letter were the following printed words:

"Established in 1862.   Telephone connections.

D. F. Haupt,

Wholesale and retail dealer in

Lumber and Building material

Frackville, Pa.   190."

In due course the lumber was shipped to and received by the defendant, who at this time was between twenty and twenty-one years old. He became of age some months later, and on the following day he wrote to the plaintiff stating that fact, and disaffirming "any and all promises, undertakings, agreements and contracts made to you and with you during my minority and preceding the date upon which I attained my majority, to wit, December 23, 1908," etc. Later the plaintiff brought this action of trespass, alleging in his statement of claim that the defendant obtained the car load of lumber, which was of the value of $752.71, by deceit, fraud and false pretenses, with intent to cheat and defraud the plaintiff, and that by reason of his deceit, fraud, concealments and false pretenses the plaintiff had lost the above-mentioned sum, had been subjected to other losses, expenses and inconvenience and had suffered damages amounting in the aggregate to

$1,000. The defendant pleaded not guilty. The case comes before us by the plaintiff's appeal from the order refusing to take off the compulsory nonsuit which the court entered at the trial.

His trading contracts are not an exception to the general rule that, except for necessaries, an infant is not competent to bind himself, nor liable on the contracts he has made: Curtin v. Patton, 11 S. & R. 305; Houston v. Cooper, 3 N. J. L. 866; Ryan v. Smith, 165 Mass. 303; Sanger v. Hibbard, 104 Fed. Repr. 455; Elm City Lumber Co. v. Haupt, 50 Pa. Superior Ct. 489. Where the infant has made no representation as to his age, the mere fact that the person with whom he dealt did not know of his minority, or even had reason to believe from his appearance that he was of age, will not render the contract valid or estop the infant to disaffirm: Baker v. Stone, 136 Mass. 405; Folds v. Allardt, 35 Minn. 488. See also Ruchizky v. DeHaven, 97 Pa. 202, where Justice Gordon tersely said: "It is said they knew not that he was a minor; but what does that matter? He was nevertheless an infant, and their want of knowledge did not make him sui juris." A fortiori the mere fact that he did not volunteer the information to the other person that he was not of age will not have the effect of binding him at law, or furnish ground for charging him in equity: Stikeman v. Dawson, 1 DeG. & Sm. 90. We are referred to the principle that silence is a fraud when there is a duty to speak. But as there is no legal duty devolving on an infant to volunteer disclosure of his minority to those dealing with him, it is clear that his mere silence does not constitute a fraud which can be made the basis of an action of deceit. To hold otherwise would be well-nigh destructive of the common-law rule, would be in contravention of the public policy on which it rests and would be warranted by no authoritative precedent.

It is claimed that the defendant was guilty of actual fraudulent representation when he stated in his letter that he was the successor of D. P. Haupt, his father. The

facts are, that after the death of D. P. Haupt the business was carried on by his widow for about a year, when it was taken over by the defendant. While he was not the immediate successor of his father, in a legal sense, the use of that term in his letter was not, under the circumstances, wholly inaccurate, or so misleading as to constitute a fraudulent representation which would sustain the action.

It is claimed further that the plaintiff was induced to sell and deliver the lumber to the defendant by his false and fraudulent representation that he was of age, and therefore, he is liable in an action ex delicto for damages equal in amount to the value of the lumber with interest from the time he received it. On the other hand, it is contended that this would be, in effect, to enforce the contract, and therefore is not permissible. The latter view is in accord with the doctrine thus expressed by Rogers, J., in Penrose v. Curren, 3 Rawle, 351: "The foundation of the action is contract, and disguise it as you may, it is an attempt to convert a suit, originally in contract, into a constructive tort so as to charge the infant. So far are minors shielded from the consequences of their own acts that action will not lie against them, where they affirm themselves to be of full age nor on a warranty in the sale of a horse: Johnson v. Pie, 1 Lev. 169; 1 Keble, 905." So in Curtin v. Patton, 11 S. & R. 305, Duncan, J., said: "The plaintiffs say, the evidence was to prove fraud in Samuel, in holding himself out to the world as a man of full age and therefore, his contracts, though an infant, should bind him. It was not offered to prove, that Samuel represented himself as of full age, but if he had, the evidence was most properly rejected, for as the action arose out of the contract and as the plaintiffs had declared on the contract, the false representations and deceit of Samuel, could not be admitted; and I do not think that it was possible to support an action in deceit, on the contract of an infant, for that would be to deprive the infant of the protection given to him by the law. Now the law has wisely protected infants against their

liability on contracts, except for necessaries, and if it were in the power of a plaintiff to convert that which arises out of a contract, into a tort, there is an end of the protection." ) In Wilt v. Welsh, 6 Watts, 9, GIBSON, J., said: "Indeed the privilege would be little worth if it might be eluded by fashioning the action into a particular shape." The principle there maintained was, that whenever the substantive ground of an action against an infant is contract, as well where the contract is stated as incident to a supposed tort, as where it is not, the plaintiff cannot recover. In the course of his discussion of the cases in which infants may be sued in tort and those in which they cannot be, Judge COOLEY says: "The distinction is this: If the wrong grows out of contract relations, and the real injury consists in the nonperformance of a contract into which the party wronged has entered with an infant, the law will not permit the former to enforce the contract indirectly by counting on the infant's neglect to perform it, or omission of duty under it as a tort. The reason is obvious: To permit this to be done would deprive the infant of that shield of protection which, in matters of contract, the law has wisely placed before him:" 1 Cooley on Torts, 3d ed. 181. The learned author supports this statement of the rule by citation of several very clear authorities. The principle was very fully considered in Keen v. Hartman, 48 Pa. 497, where it was held that an action will not lie against a husband and wife for her false and fraudulent representations to the plaintiff that she was a widow at the time she executed a bond and mortgage in exchange for which he gave up to her promissory notes to a large amount against a third person. Justice STRONG speaking for the court said: "Many torts are founded upon duties growing out of contracts. The practical effect of maintaining actions for such torts is the same as would be that of maintaining actions in form ex contractu, brought for the breach of the contracts themselves. But the disability and consequent immunity of a feme covert are substantial and not formal. So it is with an infant.

Hence it has always been held that the contract of neither can be enforced substantially by any form of action, for if it could the legal immunity would cease to be a personal protection, and would exist or not, according to the remedy which a plaintiff might choose to adopt." Further on in his opinion he said: "It is essential to the maintenance of any action for a tort that there be not only a wrongful act done by the defendant, but an injury to the plaintiff. If the injury to the plaintiff consist in his inability to realize what a feme covert gave him reason to expect from her undertaking, it is not a case of pure and simple tort. The real injury flows then from her noncompliance with her engagement, and an action to recover compensation for it, if maintainable, gives equal effect to her contract, no matter in what form the action may be brought, whether in form ex contractu or ex delicto. It practically enforces it. It is not strange, therefore, that it was early ruled that an infant is not liable for a false representation by which he induces a party to contract with him. And there can be no distinction in this respect between the case of an infant and that of a married woman." We cannot find that Keen v. Hartman has been expressly overruled or doubted in any later Pennsylvania decision, but it is claimed that it was virtually overruled by Neff v. Landis, 110 Pa. 204. We do not so interpret the decision. It is authority for the proposition that one who sells goods on credit to an infant on his fraudulent representation that he is of age may disaffirm the sale and bring replevin to recover possession of the goods from a third person to whom the minor may have transferred them; also, that after the vendor has proved the fraud of the minor, the burden is on the third party to prove the good faith and fairness of the transfer to him. No allusion is made in the case of any of the earlier decisions to which we have called attention, nor is the doctrine of them questioned or discussed. It would be a rash presumption to suppose that the court intended to overrule those decisions and set

aside the doctrine there enunciated without at least some reference to them.   Further, there is no irreconcilable conflict between that doctrine and what Neff and Landis decides.   The right to replevy the goods so long as they remain in the possession or under the control of the infant does not necessarily imply a right to enforce the infant's contract.

The question of an infant's liability in an action of deceit in representing himself to be of age whereby he has induced another to sell goods to him, has brought out much discussion and conflict of judicial decisions.   The conclusion that he is liable in such case has support in decisions in some of the states of the union and is very ably maintained in the opinion of Chief Justice ELLIOTT in Rice v. Boyer, 108 Ind. 472; 9 N. E Repr. 420.   But we are of opinion that the learned trial judge was right in concluding that the weight of authority in Pennsylvania is the other way.

Granting, however, that such action can be maintained, does the evidence support the allegation that the defendant fraudulently represented that he was of age?   We think not.   The only evidence upon that subject is what is contained in the letter head quoted at the outset of this opinion.   But the plain and natural inference from the words "Established in 1862," particularly when read in connection with the letter, is, not that the defendant established the business in 1862, but that the business to which he succeeded was established in that year.   It is a matter of common knowledge that this mode of designating and advertising their business is frequently resorted to by merchants, dealers, manufacturers, publishers and others.   The plaintiff had no warrant for taking any other meaning out of the words, much less for inferring that it was intended as a representation of the defendant's age.   Having arrived at this conclusion it becomes apparent that evidence of transactions of a similar nature with other persons would not have helped the plaintiff's case.   The hardships which may arise in particular cases must

yield to the operation of the general rule founded on public policy, intended to protect persons in fact under age from the danger of imprudent contracts: 2 Kent's Com., p. 245.

The assignments are overruled and the judgment is affirmed.