# Kay, Appellant, v. Haupt.

*Contracts—Infants—Disaffirmance of contract—Replevin.*

Where an infant on coming of age disavows a contract by which he had purchased and acquired possession of goods without revealing his age. the vendor cannot maintain an action of assumpsit to enforce the contract, nor can he, if the goods are no longer in the possession of the vendee, maintain an action of replevin and recover a money verdict for the goods.

In such a case the vendor cannot show as evidence of fraud that

the vendee had entered into similar contracts with other parties; nor that he made statements to mercantile agencies as to his assets, without an offer to prove that such statements were false.

Argued Dec. 8, 1915.   Appeal, No. 172, Oct. T., 1915, by plaintiff, from order of C. P. Schuylkill Co., Jan. T., 1914, No. 244, refusing to strike off nonsuit in case of Robert G. Kay v. D. F. Haupt.   Before RICE, P. J., OR-LADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Replevin to recover a quantity of lumber.   Before BECHTEL, J.   See Spangler Co. v. Haupt, 53 Pa. Superior Ct. 545.

At the trial it appeared that the defendant had bought and received possession of the goods during his minority, and that on coming of age he had by writing disaffirmed the contract.   He had sold the lumber in the course of business long before the writ of replevin issued.   Other facts appear by the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit, and various rulings on evidence.

*Frank P. Prichard,* with him *George Dyson* and *William Wilhelm,* for appellant.—I. Where one in pursuance of a fraudulent scheme, and with the aid of fraudulent devices, obtains the goods of another, intending to convert them into cash, and avoid any return to the owner of either goods or value, his infancy is no defense to the enforcement of the owner's rights: Davis v. Cosel, 4 Pa. Superior Ct. 519; Neff v. Landis, 110 Pa. 204.

III. Where replevin is brought, the fact that the goods have been wrongfully parted with by the defendant before the writ was issued, is no defense against a personal judgment for their value: Bower v. Tallman, 5 W. & S. 556; McDonald v. Scaife, 11 Pa. 381; Miller v. Warden, 111 Pa. 300.

*R. P. Hicks,* with him *C. E. Berger,* for appellee.—To allow a recovery in this action of replevin, the goods having been disposed of by the defendant, would be to enforce an infant's contract: Fisher v. Whoolery, 25 Pa. 197; Penrose v. Curren, 3 Rawle 350; Spangler v. Haupt, 53 Pa. Superior Ct. 545; Curtin v. Patten, 11 S. & R. 305; McDonald v. Scaife, 11 Pa. 381; Artman v. Walton, 12 Philadelphia 273.

OPINION BY TREXLER, J., April 17, 1916:

The defendant, while a minor without disclosing his minority, purchased a carload of lumber from the plaintiff. He attained his majority not long after, and in writing disaffirmed the contract to pay on the ground of infancy. At that time some of the goods was still in his possession, but no proof as to the quantity was offered. The defendant became of age on December 23, 1908, and on December 17, 1913, long after the goods were disposed of, the present action of replevin was started. The almost identical facts are present in the case of F. Spangler Co. v. Haupt (the same defendant), 53 Pa. Superior Ct. 545, as in this and it was held that the mere silence of an infant as to his age in making a contract does not constitute fraud which can be made the basis of an action for deceit and that if a wrong grows out of a contract relation and the real injury consists in the non-performance of a contract into which the party wronged has entered with an infant, the law will not permit the former to enforce the contract indirectly by counting on the infant's neglect to perform it or omission of duty under it as a tort.

The above conclusion is amply supported by the cases cited and the reasoning employed in the opinion of RICE, P. J. All that is required of us is to supplement what was then said in so far as the matter now is presented in a new aspect.

When a party relying upon false representations of a minor parts with his goods, he may disaffirm the con-

tract and bring an action of replevin to recover possession of his property: Neff v. Landis, 110 Pa. 204, but as was said by RICE, P. J., in the opinion in the Spangler case, supra, "the right to replevy the goods so long as they remain in the possession or under the control of the infant does not necessarily imply a right to enforce the infant's contract." In the case before us it is very evident that this form of action was the last resort of the plaintiff. He had brought an action in assumpsit and that was still undetermined when the writ of replevin was issued. Five years had elapsed since the defendant became of age. Although he alleges in his statement that the goods are still in the hands and possession of the defendant, the testimony discloses that they had been sold in the usual course of business during the years 1908 and 1909 and as said before no attempt was made to show what amount remained in the hands of the defendant when he became twenty-one years of age. There was no property to be seized under the writ. It is true that under the replevin act when the plaintiff does not get possession, he is entitled to the value of the goods and in this respect the nature of the action is changed. But if we were to allow a recovery by the plaintiff, we would merely be affording a means to collect a debt by reason of a change in the form of action and this would render the defendant liable for that which he, under the law, could repudiate when he became of age. Any one contracting with a minor, instead of bringing an action in assumpsit against which nonage could be pleaded, could by merely changing this action to replevin obtain a judgment for his claim irrespective of the fact as to whether defendant was in possession of the goods or not. This would be accomplishing by indirection that which the plaintiff is prevented from doing directly.

A number of objections are made to the exclusion of testimony. They do not require extended notice. The statement filed by the plaintiff alleges fraud on the part of the defendant in obtaining the goods and specifically

states that the transaction was fraudulent, "because soon after obtaining possession of the said lumber, he (the defendant) repudiated the contractual agreement under which he got possession." Other matters sought to be introduced were properly objected to as not embraced within the plaintiff's statement. Apart from the fact that there would have been a variance, we do not think there is any merit in the position taken by the plaintiff when he attempted to prove that the defendant had bought lumber from a large number of other people and had treated them in the same way as he had this plaintiff, for this proof would have added nothing to the plaintiff's case as the defendant had equally the right to disaffirm the contract as to one or all of his creditors. The offer to prove fraud in that the plaintiff made statements showing large assets to several mercantile agencies is without merit, for upon objection the plaintiff declined to include in his offer, proof that the statements were false. If they were true they were not fraudulent.

The act of the defendant will not meet with the approval of any honest person but the wrong that was done, it appears, must remain without remedy. As was said in the Spangler case, "the hardships which may arise in particular cases must yield to the operation of the general rule founded on public policy, intended to protect persons in fact under age from the danger of imprudent contracts: 2 Kent's Com., p. 245."

Judgment affirmed.