CHARLES E. BENEDICT, Appellant, *v.* MARIE FLANNERY, ETC., Respondent.

(Supreme Court, Appellate Term, First Department, June, 1921.)

> Infancy is not a defense to an action in replevin to recover an engagement ring given by plaintiff to defendant.

APPEAL from a judgment of the city court of the city of New York, dismissing plaintiff's complaint at the close of plaintiff's case.

David Wills (J. M. Cohen, of counsel), for appellant.

John P. Everett, for respondent.

FINCH, J. The plaintiff sues in replevin for the recovery of a diamond ring given by the plaintiff to the defendant while they were engaged to be married. The plaintiff testified: " I said to her that the ring was not an engagement ring, that I would change it and have a Tiffany setting made out of the center stone, or I would give her a different engagement ring." Before this conversation the plaintiff, after they had become engaged, first asked the defendant if she would wear his ring, and her answer was " no." Shortly after that he handed her the ring and she took it and wore it, neither of the parties saying anything at the time that this took place. Thereafter the defendant broke the engagement, and has refused to return the ring.

In passing on the motion to dismiss, the court, among other things, said: " I think the testimony of the plaintiff makes this a bailment, and that makes the question rather more difficult." The court granted the motion to dismiss upon the ground that the defendant was under twenty-one years of age, and hence as an infant was not liable in this action. The learned court below apparently confused the distinction between holding an infant in damages and in an action in replevin. The respondent relies upon the case of *Stromberg* v. *Rubenstein,* 19 Misc. Rep. 647; but the facts in that case show that the infant had disposed of the diamond, and as the court there expressly pointed out " it does not appear that she still has the proceeds. She has the ring setting; but as its value apart from the stone has not been established, the judgment cannot be modified as to the setting alone even if a recovery to that extent could be sustained against an infant," and the court set aside the judgment but ordered a new trial.

In the case at bar, the defendant has the ring, and

while infancy is a bar under certain circumstances to a suit for damages, yet it cannot be pleaded as a shield to prevent the return of another's property. *Wheeler & Wilson* v. *Jacobs,* 2 Misc. Rep. 236.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.