## Yubas v. Witaskis, Appellant.

Argued October 19, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Jay C. Bossard,* for appellant.—Where defendant was a minor and the court found as a fact that she promised to return her engagement ring if the engagement were broken, it was error to decree payment for the ring which was sold by the minor after the engage-

ment was broken and during her infancy: Stromberg v. Rubenstein, 44 N. Y. Supp. 405; Rosenberg v. Lewis, 210 App. Div. (N. Y.) 690; Wheeler and Wilson Mfg. Co. v. Jacobs, 2 Misc. Rep. N. Y. 236.

*Elston C. Cole,* and with him *Josiah H. Marvis,* for appellee.—Where there is a contract to marry and in consideration thereof an engagement ring is furnished with a condition that it be returned in case the engagement is broken, the donee, although a minor, is bound to return the ring or its value after the breaking of the engagement: Seiler v. Funk, 7 Ont. Wm. 179; Jacob v. Davis, 1 K. B. 532; Robinson v. Cummings, 2 Atk. 409; Antaramian v. Ourakian, 194 N. Y. S. 100; Williamson v. Johnson, 62 Vermont 378; Moore v. Berkheimer, 1 York 177; Friedman v. Huber, 92 Pa. Superior Ct. 245.

OPINION BY GAWTHROP, J., January 25, 1929:

The plaintiff filed a bill in equity against the defendant to recover a diamond ring, which he deliverd into her possession after they had entered into an engagement or contract to marry. The bill averred that the contract to marry, on a day to be set in the near future, was made in August, 1925; that the plaintiff, in contemplation of the marriage, subsequently purchased and delivered to the defendant a three karat, nine point diamond ring valued at $1,350, upon the condition, that if she broke the engagement and the marriage was not solemnized that she would return the ring to him; that thereafter in October, 1925, she repudiated and cancelled the contract to marry and promised to re-deliver the ring to him, but that she has since refused to deliver it to him. Averring further that he had no adequate remedy at law, the plaintiff prayed that the defendant be enjoined from disposing of the ring to any person other than the plaintiff, and that she be required to perform

her promise to re-deliver it to him. The defendant admitted in her answer that she became engaged to marry the plaintiff and averred that the ring was delivered to her as a gift from the plaintiff without any conditions whatever. She denied that she promised to return the same to the plaintiff. She admitted that she had refused to re-deliver the ring to him and averred that the plaintiff has a full and adequate remedy at law, if he has any rights in the matter. The case was heard upon bill, answer and testimony. The chancellor found that the value of the ring was $1,350; that it was given to the defendant upon the express condition, assented to by her, that if she broke the engagement she should and would return it to the plaintiff; that she accepted it upon that condition; that she broke the engagement, but refused and failed to return it to him; and that she sold it for $1,100. A decree was entered ordering the defendant to deliver to the plaintiff within thirty days the ring, or the value thereof, $1,350, in money. Therefrom defendant brought this appeal.

The jurisdiction of equity to determine the questions raised by the bill is not questioned by the appellant. Nor could it be, because the question was not raised and decided in limine as provided by the Act of 1907, P. L. 440. See Wright v. Barber, 270 Pa. 186.

Six of the eight assignments of error complain of the dismissal of the defendant's exceptions to the chancellor's findings of facts. As there is sufficient evidence to support all of the findings of fact, they have the force and effect of the verdict of a jury: Glenn v. Trees, 276 Pa. 165; and it is our duty to accept them as they have been found: New York & Penna. Co. v. New York Central R. R. Co., 280 Pa. 297. A reviewing authority will not arbitrarily disregard the trier's right to pass on the credibility of witnesses and substitute its judgment for that of the fact finder. This is especially true when the evidence is disputed, as it

was in this case, as to some of the material facts. See Milford Boro. v. Burnett, 288 Pa. 434, 442.

The finding of fact that the ring was given to the defendant upon the condition that if she broke the engagement she would return it to the plaintiff renders it unnecessary for us to consider the first question stated by appellant, namely, where an engagement ring is given without condition, does it become the property of the donee?

It is contended in behalf of the defendant that as she was an infant at the time she became engaged to marry the plaintiff and when she received the ring, the effect of the decree is to permit the plaintiff to enforce a contract which appellant had the right to and did disaffirm during her minority. Although this defense was not raised in the answer filed and defendant's age is not found as a fact, the plaintiff testified that she was about eighteen years of age at the time he gave her the ring and the chancellor, in his discussion of the facts and the law in his adjudication, treats that fact as established and makes it one of the bases of his decision. Recognizing the rule of law that it was the right of the defendant to disaffirm the contract because she was a minor, the chancellor held that the defendant could not disaffirm without returning the consideration which she received, in this instance, the ring; and that she must first restore the status quo.

It is well settled in Pennsylvania that an infant cannot retain the consideration received under his contract and also recover the value of the consideration given by him. It is his duty first to offer at least to restore the status quo. See Musser v. Shock, 95 Pa. Superior Ct. 406; and Friedman v. Huber, 92 Pa. Superior Ct. 245. But this rule is applicable only when the suit is by an infant to recover the consideration which passed from him. When an infant is sued upon his contract not for necessaries he may defend

on the ground of infancy without returning or offer-  ʟ
ing to return the consideration which he received.
The law protects infants against their liability on such
contracts. Whenever the substantive ground of an ac-
tion against an infant is contract, as well where the
contract is stated as an incident to a supposed tort, as
where it is not, the plaintiff cannot recover: Spangler
Co. v. Haupt, 53 Pa. Superior Ct. 545, 551. "If the
wrong grows out of contract relations, and the real
injury consists in the non-performance of a contract
into which the party wronged has entered with an in-
fant, the law will not permit the former to enforce
the contract indirectly by counting on the infant's
neglect to perform it, or omission of duty under it
as a tort": 1 Cooley on Torts, 3rd Ed. 181. When
one parts with his goods under a contract with a minor,
he may disaffirm the contract and bring replevin to
recover possession of his property: Neff v. Landis,
110 Pa. 204. RICE, P. J., said in Spangler Co. v. Haupt,
supra, "The right to replevy the goods so long as they
remain in the possession or under the control of the
infant, does not necessarily imply a right to enforce
the infant's contract." As stated by Judge TREXLER
in Kay v. Haupt, 63 Pa. Superior Ct. 16, "It is true
that under the replevin act when the plaintiff does not
get possession, he is entitled to the value of the goods
and in this respect the nature of the action is changed.
But if we were to allow a recovery by the plaintiff,
we would merely be affording a means to collect a
debt by reason of a change in the form of action and
this would render the defendant liable for that which
he, under the law, could repudiate when he became of
age. Any one contracting with a minor, instead of
bringing an action in assumpsit, against which non-
age could be pleaded, could by merely changing his
action to replevin obtain a judgment for his claim ir-
respective of the fact as to whether defendant was

302

in possession of the goods or not. This would be accomplishing by indirection that which the plaintiff is prevented from doing directly." Doubtless counsel for the plaintiff realized that as the defendant in the present case had parted with the ring, it could not have been recovered by an action of replevin. We cannot regard the present form of action as other than an attempt to accomplish by a suit in equity that which could not be done by assumpsit or replevin. For the reasons pointed out in the Kay Case, this may not be done. Although we regard the conduct of the defendant in refusing to return the ring as violative of good morals and common honesty, the plaintiff seems to be without remedy. This is but another case falling within the rule stated in 2 Kent's Com., p. 245, that, "The hardships which may arise in particular cases must yield to the operation of the general rule founded on public policy, intended to protect persons in fact under age from the danger of imprudent contracts."

The decree is reversed and the bill is dismissed at appellee's costs.