Gindin *v.* Silver, Appellant.

Argued April 16, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Peter P. Zion,* for appellant.

No argument was made nor brief submitted for appellee.

410

This is an appeal from a decree in equity ordering appellant to return an engagement ring given her by appellee in contemplation of their marriage. At the time of the gift, as well as at the time of the institution of the present action, appellant was a minor.

The first question presented for our determination is whether or not appellee is barred from recovering the engagement ring either in an action at law or in equity because the donee of the ring was a minor at the time of the gift. Appellant relies almost exclusively upon *Yubas v. Witaskis,* 95 Pa. Superior Ct. 296 (1929), wherein the Superior Court denied recovery against the donee in an action instituted by a bill in equity. In denying the relief requested the court reasoned as follows: ". . . When one parts with his goods under a contract with a minor, he may disaffirm the contract and bring replevin to recover possession of his property: Neff v. Landis, 110 Pa. 204. RICE, P. J., said in Spangler Co. v. Haupt, . . . 'The right to replevy the goods so long as they remain in the possession or under the control of the infant, does not necessarily imply a right to enforce the infant's contract.' As stated by Judge TREXLER in Kay v. Haupt, 63 Pa. Superior Ct. 16, 'It is true that under the replevin act when the plaintiff does not get possession, he is entitled to the value of the goods and in this respect the nature of the action is changed. But if we were to allow a recovery by the plaintiff, we would merely be affording a means to collect a debt by reason of a change in the form of action and this would render the defendant liable for that which he, under the law, could repudiate when he became of age. Any one contracting with a minor, instead of bringing an action in assumpsit, against which nonage could be pleaded, could by merely changing his action to replevin obtain a judgment for his claim irrespective of the fact as to wheth-

er defendant was in possession of the goods or not. . . .'
Doubtless counsel for the plaintiff realized that as the
defendant in the present case had parted with the ring,
it could not have been recovered by an action of re-
plevin. We cannot regard the present form of action
as other than an attempt to accomplish by a suit in
equity that which could not be done by assumpsit or
replevin. . . ."

The lower court distinguished *Yubas* from the in-
stant situation on the basis that here the donee still
had possession of the ring and had that fact existed in
*Yubas,* the Superior Court would then have permitted
recovery. It is our view that the question of the ex-
istence or absence of possession in no way entitles ap-
pellee to the relief requested in an action in equity.
However, we hasten to indicate that had this action
been instituted by way of replevin proceedings, re-
covery of the ring would have been proper assuming
the donee still had possession of the ring. To this ex-
tent, the law in this Commonwealth is sufficiently
clear. *Yubas v. Witaskis,* supra; *Neff v. Landis,* 110
Pa. 204, 1 Atl. 177 (1885); *Spangler Co. v. Haupt,* 53
Pa. Superior Ct. 545 (1913). In fact, in other juris-
dictions where the same question has arisen, it has been
uniformly held that a gift to a minor in contemplation
of marriage may be recovered when the infant breaks
the agreement to marry and remains in possession of
the gift res. See *McElroy v. Gay,* 155 Fla. 856, 22 So.
2d 154 (1945); *Benedict v. Flannery,* 115 Misc. 627,
189 N.Y.S. 104 (1921), and cases cited in 24 A.L.R. 2d
599. On the other hand, the law in this Commonwealth
as well as in most jurisdictions denies recovery only in
the event that the donee in good faith had already
disposed of the property. See 24 A.L.R. 2d 599.

On the issue of whether equity has the power to af-
ford the relief requested, i.e., the return of the ring,
appellant urges that if any cause of action exists un-

der these facts and circumstances, it is not in equity because appellee has an adequate remedy at law. As previously indicated, we agree that equity does not lie in this case. Appellee seeks to justify resort to equity on three independent grounds: (1) that the diamond engagement ring is so unique and unusual it cannot easily or readily be obtained elsewhere; (2) it has a great deal of sentimental value and (3) if replevin proceedings had been instituted in the first instance, appellant could have entered a bond, sold or otherwise disposed of the ring and hence have relegated appellee to an action for damages on the bond, which right to recover would be barred because of the defense of infancy.

None of these grounds support appellee's position. The relief requested here is the recovery of the engagement ring which recovery as previously determined may be had in an action at law (replevin). Assuming arguendo that the ring has unusual characteristics and a certain degree of sentimentality, this does not justify the intrusion of equity when the identical relief prayed for can be obtained by way of an action of replevin. If appellant still possessed the ring, recovery would be permitted in replevin only, but if the ring had been disposed of no relief could be afforded either in assumpsit or replevin, since infancy would be a good defense in any action seeking a money judgment for the value of the ring. However, in no event would equity be proper since an adequate remedy at law exists to obtain the return of the ring. It is obvious that appellee would not have suffered any harm had he instituted an action of replevin initially.

The third ground asserted in support of equity likewise is spurious. It cannot be said that the law would ignore substance in favor of form in a situation where the minor by the simple expedient of posting a bond and disposing of the ring after the institution of re-

plevin proceedings, would avoid the obligation of returning the ring. Since we are certain that the law would not sanction such conduct and would undoubtedly view this as nothing less than a fraud perpetrated on the court, such possible actions on the part of appellant should not and will not serve to form the basis for the intrusion of equity where an adequate remedy at law otherwise exists.

Moreover, our rules of civil procedure with respect to actions of replevin provide adequate protections and safeguards to eliminate the possibility of this type of conduct on the part of any defendant in a replevin proceeding. See Pa. R.C.P. 1073, and 1076, and in particular Rule 1079 wherein the court shall under appropriate circumstances order the property involved to be impounded pending a determination as to the right of possession.

Decree reversed and case dismissed for want of equity. Each party to bear own costs.

Mr. Justice ROBERTS concurs in the result.

Mr. Chief Justice BELL, Mr. Justice MUSMANNO and Mr. Justice JONES dissent.