Central Bucks Aero, Inc., Appellant, *v.* Smith.

Argued March 27, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

442

*William L. Antheil, III,* with him *Chandor & Antheil,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY SPAETH, J., September 19, 1973:
This is an appeal from the granting of defendant-appellee's motion for summary judgment. The issue is whether we should overturn the longstanding common law doctrine that a minor by disaffirming a contract can avoid liability under the contract.

Appellee, when twenty years of age, leased an airplane from appellant. In the process of landing, appellee damaged the airplane beyond repair, and also damaged the landing field. After appellant filed suit in trespass, appellee disaffirmed the lease.

When a minor disaffirms a contract, unless the contract is for necessaries, the other party cannot recover the value of any item that the minor has obtained pursuant to the contract. The only remedy the other party has is an action in replevin to recover the item itself. If the minor no longer has the item, the other party is remediless. *Gindin v. Silver,* 430 Pa. 409, 243 A. 2d 354 (1968). An action in trespass, which is the form of action selected by appellant, will not lie. As stated in

*Penrose v. Curren,* 3 Rawle 351, 353 (1832): "The foundation of the action is contract, and disguise it as you may, it is an attempt to convert a suit, originally in contract, into a constructive tort so as to charge the infant." *And see Spangler Co. v. Haupt,* 53 Pa. Superior Ct. 545, 551 (1913): "In Wilt v. Welsh, 6 Watts, 9, GIBSON, J., said: 'Indeed the privilege would be little worth if it might be eluded by fashioning the action into a particular shape.' The principle there maintained was, that whenever the substantive ground of an action against an infant is contract, as well where the contract is stated as incident to a supposed tort, as where it is not, the plaintiff cannot recover. In the course of his discussion of the cases in which infants may be sued in tort and those in which they cannot be, Judge COOLEY says: 'The distinction is this: If the wrong grows out of contract relations, and the real injury consists in the nonperformance of a contract into which the party wronged has entered with an infant, the law will not permit the former to enforce the contract indirectly by counting on the infant's neglect to perform it, or omission of duty under it as a tort. The reason is obvious: To permit this to be done would deprive the infant of that shield of protection which, in matters of contract, the law has wisely placed before him.' 1 Cooley on Torts, 3d ed. 181." This principle is followed in most jurisdictions. *See* 42 Amer. Jur. 2d, Infants §145.

It may be granted that upon occasion the courts have decided to remove an immunity from legal responsibility by overruling the cases that created the immunity. *Ayala v. Philadelphia Board of Education,* 453 Pa. 584, 305 A. 2d 877 (1973); *Flagiello v. Penna. Hospital,* 417 Pa. 486, 208 A. 2d 193 (1965). In the present case, however, such a decision would be inappropriate.

In cases such as *Ayala* and *Flagiello, supra,* the court was responding to an injustice; by removing the immunity in question the court extended protection to persons unable to protect themselves. No such situation is presented here. A businessman may protect himself from loss incident to a minor's disaffirmance of a contract by finding out whether the person with whom he is dealing is a minor. Ordinarily this will present no difficulty. If the person is a minor, or if it is not clear that he is an adult, the businessman may decline to deal with him, or may require that someone he knows is an adult join in the contract. Inasmuch as appellant neglected such precautions, it has only itself to blame for its inability to recover for the damage to its airplane and landing field.

Apart from these considerations, to overrule the cases that permit disaffirmance would involve the court in a legislative function. Some age must be established as the age below which disaffirmance will be permitted; perhaps a twenty year old person should not be protected, but surely an eight year old should be. If the age is to be changed, the legislature is better equipped than the court to decide whether the change should be to age 19, 18, 16, or some other age. (Indeed, the legislature has recently made this determination, selecting age 18. Act of June 16, 1972, P. L. 472, No. 151, §1, 73 P.S. §2021). In cases such as *Ayala* and *Flagiello* it was not necessary for the court to become involved in such legislative line drawing.

The order of the court below is affirmed.