## Smith Nursing and Convalescent Home of Mountaintop, Inc. v. Balliet

*Harry B. Schooley, Jr.,* for plaintiff.
*J. J. McCluskey,* for defendants.

DALESSANDRO, *J.,* June 10, 1985 —

### NATURE OF PROCEEDINGS

This matter is before the court on defendants' preliminary objections, in the nature of two demurrers.

### HISTORY AND FACTS

This matter was commenced by a complaint filed on February 5, 1985. The complaint alleges that on November 24, 1982, Clarence C. Balliet, the father

of defendant Leland Balliet, became a private patient at the Smith Nursing and Convalescent Home of Mountaintop, Inc. (plaintiff). The complaint further avers that pursuant to this admission, Leland Balliet signed an admission agreement with plaintiff whereby he agreed to be responsible for all expenses arising from his father's nursing care.

Plaintiff alleges that by a deed dated February 25, 1983, Clarence Balliet conveyed certain real estate to Leland Balliet and his wife, Linda, for the sum of five dollars. In turn, defendants sold .995 acres of the property to Vincent C. Markowski for the sum of $26,000, by a deed dated August 11, 1983; futhermore, defendants sold .091 acres of the real estate to Barry and Linda Schell for $250, by a deed dated January 30, 1984.

On February 3, 1984, either Clarence or Leland Balliet applied to the Luzerne County Assistance Office for assistance with Clarence Balliet's nursing care expenses. This application was rejected on November 26, 1984 because of its lack of information pertinent to the proceeds from the sales of land to Markowski and Schell.

The complaint requests that this court declare Leland and Linda Balliet to be appointed trustees for a constructive trust comprised of the property conveyed to them by Clarence Balliet, by deed dated February 25, 1983. Plaintiff seeks an accounting of the subsequent sales of the property, and requests that defendants be ordered to satisfy an unpaid balance of $18,629.16 owing to it because of nursing care rendered to Clarence Balliet.

In response to plaintiff's complaint, on March 6, 1985, defendants filed preliminary objections in the nature of two demurrers, directed individually to Leland and Linda Balliet.

## DISCUSSION AND LAW

Initially, defendants demur to the complaint, as to Leland Balliet, contending that equity is not the proper forum for plaintiff's cause of action. The second demurrer, as to Linda Balliet, asserts that the complaint fails to set forth any facts in equity or at law to support the inclusion of Linda Balliet as a defendant. It is well-settled that a demurrer will be sustained only if a complaint indicates on its face that the claim cannot be sustained, and the law will not permit a recovery. See Modesta v. Southeastern Pa. Transp. Auth., 300 Pa. Super. 6, 445 A.2d 1271 (1982), revs'd on other grounds, 503 Pa. 437, 469 A.2d 1019 (1983). It has been held in Luzerne County as follows:

"In considering a demurrer, every well pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken to be admitted, and all doubts as to whether a demurrer should or should not be sustained must be resolved in favor of overruling the demurrer." (Citations omitted) Oko v. Wyoming A & D Services, 73 Luzerne L.R. 175, 177-178 (1983). However, conclusions of law which appear in the pleadings are not deemed admitted. See Modesta, supra.

In essence, plaintiff alleges that defendants, along with Clarence Balliet, have executed fraudulent transfers of property in an attempt to escape liability for nursing care expenses owed to plaintiff. In light of the above-quoted principles of law regarding demurrers, this court must accept as true plaintiff's factual allegations of fraudulent transfers.

Plaintiff's allegations squarely place its cause of action within the provisions of the Uniform Fraudulent Conveyance Act (act), 39 P.S. §351, et seq. Per-

tinent to this matter is 39 P.S. §354, which is entitled "Conveyances by insolvent," and provides as follows:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration." At the outset, it is apparent that plaintiff was a creditor of Clarence Balliet at the time of the February 25, 1983 transfer of property to defendants. See Lafayette Manor, Inc. v. Carroll, 12 D. & C.3d 139, 145 (1979). In addition, the consideration for the conveyance was only five dollars; applying the definition of "fair consideration" found in 39 P.S. §353, it is obvious that this conveyance was made without fair consideration.

"Where one conveys the overwhelming bulk of [his] estate without fair consideration and apparently solely as a gift to a relative in spite of mounting daily personal obligations, for all practical purposes [he] is rendered insolvent within the equity definition of insolvency." Lafayette Manor, supra, at 145. Reviewing the allegations of plaintiff's complaint, we must conclude that Clarence Balliet rendered himself insolvent as a result of his conveyance of property to defendants. Finally, pursuant to the act, "a conveyance made without fair consideration may be set aside without proof of actual fraudulent intent." Cole-Knox Mortgage Co. v. McGaffin, 182 Pa. Super. 610, 616, 127 A.2d 769, 771 (1956). In light of the principles which guide this court's consideration of a demurrer, we must accept plaintiff's allegations as true; accordingly, plaintiff has sufficiently pleaded a cause of action which seeks equitable relief.

The determination that plaintiff's cause of action allows for equitable relief does not end our inquiry. It is a well-settled principle that equity will not act where there is an adequate and complete remedy at law. See Gindin v. Silver. 430 Pa. 409, 243 A.2d 354 (1968). Our inquiry must include the question of whether plaintiff's requests for relief can be satisfied by a proceeding at law. Although an action in assumpsit against Leland Balliet may exist, plaintiff will not be provided adequate relief. The complaint's allegations accuse defendants of going to great lengths to avoid liability to plaintiff; we may reasonably infer that defendants' efforts will continue. Plaintiff seeks to halt these efforts, by requesting this court to enjoin any further transfers of land by defendants. This request is equitable in nature, unable to be accomplished through an action of law.

In the second demurrer, defendant Linda Balliet contends that she cannot be a party in this suit because she was neither a party to the agreement nor in any way responsible for the admission of Clarence Balliet to plaintiff's nursing facility. We disagree. Although the complaint does not allege that Linda Balliet was a responsible party to the agreement, it is averred that she was a part of the fraudulent transfers. The Uniform Fraudulent Conveyance Act is applicable to these facts, thus making Linda Balliet subject to any appropriate equitable relief.

Based on the foregoing conclusions, the defendants' preliminary objections must be denied. An order to this effect will be entered.

## ORDER

Now, this June 10, 1985, it is hereby ordered that defendants' preliminary objections are overruled.