CHILD'S PLAY LTD.

v.

A & A, INC.

Supreme Judicial Court of Maine.

Argued March 2, 1994.

Decided May 26, 1994.

---

Michael J. LaTorre (orally), Kevin L. Carder, Platz & Thompson, Lewiston, for plaintiffs.

David W. Bertoni (orally), Peter Lowe, Brann & Isaacson, Lewiston, for defendant.

Before WATHEN, C.J., ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ., and COLLINS, A.R.J.*

RUDMAN, Justice.

A & A, Inc. ("A & A") appeals from orders of the Superior Court (Androscoggin County, *Alexander, J.*) granting motions by Child's Play Ltd. ("Child's Play") for a writ of replevin and a preliminary injunction. A & A challenges the writ on the ground that the bond ordered for A & A's security does not satisfy the statute, 14 M.R.S.A. § 7303 (1980), and argues that the injunction improperly circumvents the requirements for a writ of replevin. We vacate the orders.

Child's Play, a British distributor of children's books, stored its inventory in the United States with the Distribution Management Corporation ("DMC"). Under an oral agreement, DMC would ship orders directly to Child's Play's customers in exchange for 8% of the "net invoice value." DMC also provided other services—e.g., credit control, accounts receivable, collections, assembly work—for other fees. DMC and Child's Play never discussed what DMC would charge Child's Play in the event the companies terminated their relationship. In November 1992, DMC sold its assets to A & A, which agreed to honor the terms of the agreement between DMC and Child's Play for a period

---

\* Justice Collins sat at oral argument and participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

of six months. At the end of the six-month period, A & A offered new terms to Child's Play, increasing the fees and reducing the service provided. Child's Play refused the new terms and the two companies terminated their relationship.

The two companies disagreed about the appropriate charge for the transfer of the inventory to another warehouse. A & A refused to release the inventory to Child's Play until Child's Play paid A & A's charges. The wholesale value of the inventory is approximately $1 million. Child's Play sued A & A for breach of contract, conversion, and unfair trade practices. Child's Play moved for a temporary restraining order or preliminary injunction ordering A & A to release the property of Child's Play, and for approval of a writ of replevin. The court granted both motions finding that A & A was likely to recover $16,000 from Child's Play, and ordering Child's Play to post a $16,000 bond as a condition for the injunction, and a $32,000 bond to support the writ of replevin.

### I. The Final Judgment Rule

Although the order of the trial court is not a final judgment, it falls within a well-recognized exception to the final judgment rule. The failure of the court to order a bond that complies with the replevin statute threatens the security of the person whose property is replevied. The order is immediately appealable. *Ford New Holland, Inc. v. Thompson Machine, Inc.*, 617 A.2d 540, 541 (Me.1992). An order granting a preliminary injunction is immediately appealable if "substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Department of Envtl. Protection v. Emerson*, 563 A.2d 762, 766 (Me. 1989). The injunction challenged does not maintain the status quo as injunctions commonly do. *Id.* at 771. Instead, it has "mandatory" aspects—i.e., it will force A & A to release the property it claims as security for the debt owed to it by Child's Play. Therefore, the same reasoning that supports allowing an immediate appeal of an order granting a writ of replevin supports allowing an immediate appeal of the order granting the injunction. Moreover, since the two orders are "part of the same package of interim relief,"

the interest of judicial economy would not be served by allowing immediate appeal of only one of the orders. *Id.* at 767.

### II. The Replevin Bond

A & A first challenges the amount of the bond the court ordered. The replevin statute requires that the party replevying goods post a bond in the amount of twice the value of the goods replevied and not, as the trial court ordered, in an amount equal to twice the court's estimate of the value of the disputed claim. 14 M.R.S.A. § 7303 (1980); M.R.Civ.P. 64(c). We agree with A & A that the court erred. *Tuck v. Moses*, 54 Me. 115, 121 (1866) ("defendant in replevin may well insist that the writ and bond be in conformity with the requirements of the law;" writ abated where bond not equal to double the value of the property to be replevied). Rather than order a bond for $2 million—twice the value of the goods to be replevied—the court ordered a bond for $32,000—twice the value of the likely recovery by A & A. Although this approach has a certain intuitive appeal, it contravenes the statute and undermines the purpose of the bond. "The replevin remedy at the outset of the action is a drastic one and the law provides a bond as a countervailing protection for the defendant." Field, McKusick & Wroth, *Maine Civil Practice* § 64.5 (2d ed.1970). If the defendant eventually proves that the goods at issue were wrongfully replevied, the defendant is entitled to damages for "the taking and costs." *Archer v. Aetna Casualty Co.*, 143 Me. 64, 67, 55 A.2d 135, 136 (1947). Those damages are potentially unrelated to the value of the original claim asserted by A & A to justify holding the goods.

The plain language of the statute and the rules of civil procedure require that the court order a bond in an amount equal to twice the value of the goods to be replevied. 14 M.R.S.A. § 7303 (1980); M.R.Civ.P. 64(c). *See Ford New Holland*, 617 A.2d at 542 (court cannot order a replevin bond that does not satisfy the statute). The attempt by Child's Play to invoke equity to avoid the plain language of the statute is misplaced. The hypothetical Child's Play offers—a $50 debt and a $100,000 item of collateral, ig-

nores the sensible approach to that situation—pay the $50 and fight about it later. To equate "reasonable value of the property to be replevied" with "reasonable value of the defendant's claim" as suggested by Child's Play would create a logical fallacy. The fact that the bond requirement renders replevin an unattractive remedy for Child's Play does not justify eviscerating the statute's plain language. Child's Play will simply have to find another avenue to reach its objective.

Finally, the Superior Court's rationale for ordering the small bond—that title to the property is not at issue—is unpersuasive. First, title and right of possession are not synonymous. *See Production Credit Ass'n v. Kent,* 143 Me. 145, 147, 56 A.2d 631, 632 (1948) (plaintiff must establish title or other right of possession). A & A could be entitled to possession of the property without holding title to it. Second, the statute provides for a substantial bond because the writ of replevin is ordered prior to a decision on the merits. The court's rationale for ordering a smaller bond than the statute requires amounts to a partial decision on the merits. The small bond ordered by the court is not authorized by the replevin statute.

### III. The Injunction

■ A & A also challenges the entry of a preliminary injunction, contending that the injunction improperly circumvents the requirements of the replevin statute. We agree with A & A that the court erred. Replevin is a remedy at law. *Commonwealth Trust Co. v. Reconstruction Fin. Corp.,* 28 F.Supp. 645, 647 (W.D.Pa.1938) (denying equitable remedy where replevin available); *Grindin v. Silver,* 430 Pa. 409, 243 A.2d 354, 356 (1968) (same point). *See generally* 66 Am.Jur.2d *Replevin* § 1 (1973) (replevin one of the oldest writs recognized at law). The issue is whether replevin is a complete and adequate remedy at law. *See* Robert Treat Whitehouse, *Equity Jurisdiction Pleading and Practice in Maine* § 563 (1900). If so, then the court may not exercise its equitable powers. *Town of Bar Harbor v. Evans,* 499 A.2d 157, 158 (Me.1985).

■ Replevin is specifically designed for the speedy recovery of property before a trial on the merits. *Commonwealth Trust,* 28 F.Supp. at 647; *Grindin,* 243 A.2d at 356. Child's Play offers no evidence or argument that replevin is an inadequate remedy in this case.

The entry is:

The Orders of the Superior Court granting the plaintiff an injunction and a writ of replevin are vacated.

All concurring.