## Joseph Pentimall, by His Next Friend and Father, James Pentimall, *v.* Bankers Automobile Finance Corporation, Appellant.

*Minors—Contracts—Repudiation—Evidence—Sufficiency—Case for jury.*

In an action of assumpsit by a minor to recover money paid under a bailment lease for an automobile, the question whether the automobile was returned in the same condition as it was received was for the jury.

Where there was an issue of fact as to whether the money was paid to the defendant or to another company, the question was for the determination of the jury, but where such a question was not submitted to the jury and no exception was taken to the failure

so to submit it, and the evidence was sufficient to have sustained a conclusion that the defendant was the party with whom the minor dealt, a verdict for plaintiff will be affirmed.

*Attorney—Continuance in trial after testifying for client—Discretion of court—Rule of court of Philadelphia County No. 134.*

Where plaintiff's attorney testified as a witness, his subsequent participation in the trial, as attorney, was within the discretion of the court.

The enforcement of a rule of court that an attorney testifying as a witness shall take no further part in the trial of the case, is largely within the discretion of the trial judge. If after objection made, because of the violation of this rule, the court overrules it, it is equivalent to a direction to proceed with the trial. An appellate court will not reverse in such matters unless abuse of discretion by the lower court is proven.

Argued October 10, 1927. Appeal No. 35, October T., 1927, by defendant from judgment of M. C. Philadelphia County, July T., 1923, No. 1362, in the case of Joseph Pentimall, by his next friend and father, James Pentimall, v. Bankers Automobile Finance Corporation. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover money paid under a bailment lease. Before GLASS and KNOWLES, JJ.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $450 and judgment thereon. Defendant appealed.

*Errors assigned* were the judgment of the court and in allowing the attorney for plaintiff to resume the trial after testifying on behalf of plaintiff.

*Raymond White,* and with him *Maurice W. Sloan,* for appellant.

*David Friedman,* for appellee, cited: James W. Campbell v. The Preferred Mutual Accident Association of New York, 172 Pa. 561; Christner v. John, 2 Pa. Superior Ct. 78.

OPINION BY TREXLER, J., December 15, 1927:

This is a suit brought by a minor, by his father as next friend, against an automobile finance corporation to recover the sum paid by him to the defendant under a contract which the minor now disaffirms. The minor entered into a written bailment lease with the defendant for the leasing of a certain Overland automobile. In the transaction, it appears that the sum of $225.00 was paid and that subsequently he surrendered the Overland automobile to the defendant, thus cancelling the lease, and made another contract of lease with the same party for a Paige touring car and was credited for the sum of $225.00 theretofore paid on the Overland car and also with the further sum of $225.00 which he then paid to the defendant on account of the Paige car. Thereafter the minor plaintiff disavowed the contract, tendering the return of the Paige car and demanded the return of the two items of cash paid upon the two transactions. Subsequently the defendant caused a writ of replevin to be issued and obtained possession of the car. The plaintiff testified that a short time before the car was replevined, he had offered to return it to the defendant in the same good condition that he received it, barring a flat tire. Counsel for the plaintiff also testified that he had tendered the return of the automobile but that it was refused by the defendant. On the part of the defendant, it is claimed that the minor when he made the application for the car stated that his age was twenty-one and the defendant furthermore alleged an attempt to prove that when the car was replevined, it was in a very damaged condition.

After a verdict for the plaintiff was rendered, the defendant urged that a new trial should be granted: first, because the minor plaintiff was not entitled to recover without returning the automobile in the same condition which he had received it; and, second, that the attorney for the minor plaintiff, after having taken

the witness stand as one of the client's witnesses and testified, continued as attorney in the case.

The first question was for the jury.

As to the other: The attorney for the plaintiff took the stand and testified as to certain transactions having particular reference to the tender of the return of the car. He afterwards continued to act in the trial as attorney for the plaintiff. A rule of Court of Philadelphia County, No. 134, provides: "If an attorney is examined as a witness on the side of the case which he represents, after his examination he shall take no further part in trial, unless the Trial Judge so orders." The enforcement of this rule is largely within the discretion of the trial judge. If after objection is made, the court overrules it, it would seem that this is equivalent to the court directing the lawyer to proceed. An appellate court will not reverse in such a matter unless abuse of discretion by the lower court appears.

There is now an added reason which may have been pressed at the trial without appearing on the record, but to which no allusion is made by the trial judge in his charge or in his opinion denying a new trial. It is that the plaintiff paid no money to the defendant, the Finance Company, but both in the purchase of the Overland and Paige cars, the money on account of the purchase was made to the automobile company. As there is a variance of testimony in this regard, this subject should have been settled at the trial. The plaintiff repeatedly testified that he paid the cash to the Finance Company on both purchases. The bailment lease of the second car refers to no previous contract between other parties but provides that "$225.00 is to be paid (to the lessor, the Finance Company) at the signing of this lease as rental in advance." Although there is evidence to the contrary, the determination of the question was for the jury and if it had

been submitted to the jury, there was sufficient to sustain the conclusion that the party with whom this minor dealt throughout the transaction was the defendant. The case was submitted to the jury on other phases of the trial and the printed record discloses no exception by the defendant to the charge of the court.

The judgment is affirmed.