# Friedman et al., Appellants, *v.* Huber.

*Minors—Contracts—Rescission of—Failure to restore status quo.*

In an action of assumpsit by a minor to recover a sum paid on account of the purchase price of an automobile there was no allegation that the contract was unreasonable or that any advantage was taken of the plaintiff. The latter received possession of the property, enjoyed it for a considerable period, and made no attempt to restore the status quo. He therefore was not in a position to enforce a rescission of the contract, and a judgment for the defendant will be affirmed.

*Appeals—Assignments of error—Improper assignments—Rule of court—Rule 24—Rule 26.*

Assignments of error which fail to disclose the action of the court are defective and do not comply with the provisions of Rule 24 of the Superior Court.

An assignment of error which has no exception to support it is defective.

Argued October 18, 1927. Appeal No. 125, October T., 1927, by plaintiff from judgment of M. C. Philadelphia County, March T., 1924, No. 1310, in the case of Abraham Friedman, by His Next Friend and Father, Joseph Friedman v. Joel Cook Huber. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit by a minor to recover a sum paid on account of the purchase price of an automobile. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

The Court found for the defendant and entered judgment thereon. Plaintiff appealed.

*Errors assigned* among others was refusal of plaintiff's motion for judgment non obstante veredicto.

*Maurice J. Friedman,* for appellant.

*John V. Lovitt,* and with him *Ballard, Spahr, Andrews* and *Ingersoll,* for appellee.

OPINION BY HENDERSON, J., December 15, 1927:

This action is brought by the plaintiff to recover the amount of a payment of $89 made on a contract for the purchase of an automobile from the defendant, the transaction involving the transfer, by the plaintiff, of an automobile then owned by him in part payment of that acquired from the defendant. The action is based on the allegation that plaintiff was under twenty-one years of age at the time of the purchase. The assignments of error are all defective. The first does not disclose the action of the court complained of; the second is not based on any point for charge,—that quoted in the assignment, as appearing on page 26a of the record, appears to be a point presented by the defendant. We do not find any exception to support the third assignment. No written point for binding instructions appears on the record, as a necessary foundation for the motion for binding instructions set forth in the fourth assignment.

The appeal might well be dismissed for the invalidity of the assignments, but we have examined the evidence and are satisfied that the appeal is without merit on the facts disclosed. The plaintiff secured a valuable automobile, as shown by the price to be paid. It no where appears in the case that he has returned or offered to return the automobile which he secured by the payment of the amount which he seeks to recover. It is not alleged that the contract was unreasonable, or that any advantage was taken of the plaintiff by the defendant in entering into the contract of sale. The plaintiff having received possession of the defendant's property and the enjoyment of it for a considerable time it should appear that he has attempted at least

to restore the status quo. 31 Corpus Juris 1025; I Williston on Sales, 2 Ed. Sec. 17, 18; Shirk v. Shultz, 113 Ind. 571; Badger v. Phinney, 15 Mass. 359. As this was not done the plaintiff is not in a position to enforce a rescission of the contract.

The judgment is affirmed.