Musser *v.* Schock, Appellant.

Argued November 12, 1928.

Be-
fore HENDERSON, TREXLER, LINN, GAWTHROP and CUN-
NINGHAM, JJ.

*Harris C. Arnold,* and with him *John A. Coyle,* for
appellant.—Defendant is entitled to prove set-off:
Pentimall v. Bankers Auto Corp., 92 Pa. Superior Ct.
110; Friedman v. Huber, 92 Pa. Superior Ct. 245.

*F. Lyman Windolph,* and with him *Willis G. Kendig,*
for appellee.—Defendant is not entitled to prove set-
off: Ruchizky v. DeHaven, 97 Pa. 202. The plaintiff
was entitled to a directed verdict for the full amount
of the claim: Commonwealth v. Price, 15 Pa. Su-
perior Ct. 342; Carpenter v. Lancaster, 212 Pa. 581.

OPINION BY LINN, J., December 13, 1928:
Defendant appeals from judgment for the amount
claimed in an infant's suit to recover the value of an
automobile delivered by the infant to defendant as
part of the purchase price of another car sold to the
plaintiff by defendant.
The price of the new car was $1,584; defendant's

pleadings aver that plaintiff's old one was taken on account "at the agreed price of" $1,100; his note was taken for the balance. While in plaintiff's possession, the new car was damaged; he took it to defendant for repair; when he demanded it back, defendant refused to return it unless he paid his note. He then disaffirmed and demanded back the old car he had delivered in part payment. Defendant was unable to comply with that demand because he had sold the car. This suit for $1,100 followed.

In the pleadings no issue is made by defendant about the value of the old car, nor was any evidence offered at the trial to contradict plaintiff's prima facie proof of value of $1,100; the case was tried on the theory that there was no dispute about it, and we consider the record in that light.

At the trial defendant, who concedes plaintiff's right to disaffirm, asserted a right to set-off against plaintiff's claim the repair bill and the depreciation resulting to the car while in plaintiff's custody. On the other hand, plaintiff contended that as he had returned to defendant all that he had left of what defendant had delivered to him, he was entitled to get back from defendant all that he had paid. The court properly accepted plaintiff's view as in accord with the decisions in Pennsylvania. An infant's right to disaffirm a contract not for necessaries, was considered at length by this court in an opinion by Rice, P. J., in The Spangler Co. v. Haupt, 53 Pa. Superior Ct. 545, with reference to the earlier Pennsylvania cases; in Kay v. Haupt, 63 Pa. Superior Ct. 16 (another phase of the same transaction), replevin failed because it appeared that the goods delivered to the infant had been sold before the writ issued (p. 19), and recovery of the value, of course, failed because of the infant's disaffirmance.

But appellant contends that two recent decisions sup-

port his right to set-off the repair bill and the depreciation; neither case supports his view. The first is Pentimall v. Bankers Automobile Corp., 92 Pa. Superior Ct. 110; it was an infant's suit to recover $450 paid by him as part of the price of an automobile bought by him from defendant on a so-called bailment lease. The minor contended that he disaffirmed and tendered back the car he had bought and demanded what he had paid on account, and that defendant refused to accept the car tendered and refused to repay. Defendant got the car back by replevin. One of the contentions discussed below, and referred to in the opinion of this court, was that defendant was not required to pay what it had received from the infant, because he had not returned the car in the same condition in which he had received it; the point was merely mentioned with the statement that it was a question for the jury. But all that the expression meant was that the plaintiff could not sustain his recovery unless he had tendered back what he had received; the essential element in the case was the tender, not the condition, of the car; tender and condition had been joined in a single sentence below and were so stated here; there was no evidence of any damage to the car, excepting that a tire had been punctured. The general rule in Pennsylvania is that an infant cannot retain the property purchased and also get back the consideration. If there is a dispute as to whether he returned, or offered to return, the property in whatever condition it may be in, the fact, of course, must be found by the jury; whether the plaintiff had tendered back the car was the essential element in the case, not the condition of the car. The other case relied on is Friedman v. Huber, 92 Pa. Superior Ct. 245, assumpsit by a minor to recover $89 paid on account of the purchase price of an automobile. Recovery was refused in the court below. It appeared that the infant retained the automobile and at the same time

wanted his money back; he was not entitled to both; we said that "it should appear that he has attempted at least to restore the status quo" before being permitted to recover. Quoting that statement, appellant in his brief says "that is exactly what the defendant here seeks, restoration of the status quo." But appellant's argument gives to the words "status quo" a scope of meaning not properly attributable to them. An infant, in disaffirming in this state, does all that is required by returning to his vendor, or by tendering to him, the object purchased in whatever condition it may be at the time of its return or tender; it need not be in the condition in which it was when received from the defendant, because by delivering it to the infant the defendant must be presumed to have intended, and to have authorized, the use of the article by the infant; to permit a defendant to assert an infant's obligation to restore the property in its original condition, would, to that extent, be permitting the defendant to enforce his contract against the infant, which is the very thing the policy of the law was intended to prevent. This is in accord with the weight of authority of common law: 31 C. J. Sec. 71, p. 1021, Sec. 166, 168, pp. 1069, 1072, Page: Contracts (Ed. 1905) Vol. 2, Sec. 888, 14 R. C. L. p. 238.

Judge KELLER did not participate in the disposition of this appeal.

Judgment affirmed.