## Dobson v. Rosini (No. 3)

*Andrew M. Pipa, Jr.*, for plaintiff.

*Myron M. Moskowitz*, for defendant.

FORTNEY, P. J., May 4, 1959.—Plaintiff while a minor entered into an oral contract with defendant to purchase an automobile. The relevant terms of the contract, for the purpose of this discussion, are two-fold. First, the purchase price of the automobile was $296.25, and defendant agreed, additionally, he would bear liability for any expenses incurred by reason of repairs needed to put the said automobile in proper working condition. The minor plaintiff paid the purchase price and two months thereafter was required to pay Apichell Motors $39.42 for repairs, and four months after the purchase paid defendant $48 for repairs. The car continued mechanically defective, and plaintiff notified defendant he had disaffirmed the contract, at the same time advising defendant of the location of the automobile and requesting him to remove the same. Plaintiff now sues to recover the purchase price and the amount he was required to expend for repairs.

Defendant in his answer admits the terms of the contract but sets up in new matter that the automobile was not sold to the minor plaintiff but to his parents. Defendant offered no testimony at the trial.

The law is well established that an infant is not competent to contract and may not bind himself except for necessaries: O'Leary Estate, 352 Pa. 254. An infant, in disaffirming a contract, does all that is required when he returns to or tenders to his vendor the object purchased in whatever condition it may be at the time of its return or tender: Musser v. Schock, 95 Pa. Superior Ct. 406. The policy of the law is to protect infants against their own mistakes and one contracts with minors at one's own risk. In the instant case, the minor disaffirmed the contract and returned or tendered to the vendor the object he purchased and he is entitled to recover the purchase price.

The payment of the repair bills presents a different problem. "Disaffirmance" is defined in Bouvier's Law Dictionary, vol. 1, p. 876, as: "The act by which a person who has entered into a voidable contract, as, for example, an infant, disagrees to such contract and declares he will not abide by it". It is immediately apparent that to permit the recovery of the repair bills would be a ratification of part of a contract which the minor previously had disaffirmed. A minor may not disaffirm a part of his contract and ratify another part. . . .

### Order

And now, May 4, 1959, after due consideration of the testimony and the law applicable thereto, it is ordered and directed that a verdict be entered upon the record in favor of Ronald Dobson, plaintiff, and against Ralph Rosini, trading and doing business as Rosini Motor Company, defendants in the sum of $296.25, with interest from August 4, 1956.

Exceptions are noted for the parties in interest.